IN REPLY REFER TO:

UNITED STATES
DEPARTMENT OF THE INTERIOR

BUREAU OF INDIAN AFFAIRS

NORTHERN CALIFORNIA AGENCY
P. O. BOX 494879
REDDING, CALIFORNIA 96049-4879

RECEIVED
APR 19 1991
PIRTLE, MORISSET
SCHLOSSER & AYER

April 12, 1991

You are hereby noticed that your name or the name of your minor child has been included on the Hoopa/Yurok Settlement Roll pursuant to Section 5(d)(1) HOOPA-YUROK SETTLEMENT ROLL.

The Hoopa-Yurok Settlement Act requires that the Bureau of Indian Affairs must notify you of your right to select one of three options pursuant to Section 6(a)(1) of the Settlement Act. Furthermore, Section 6(a)(2) requires that the Bureau of Indian Affairs shall provide information about the counseling services to explain the advantages and disadvantages of each of the options. The consultation sessions are scheduled as follows:

| | | |
|---|---|---|
| Hoopa, CA | Neighborhood Facility | May 6, 1991 |
| Eureka, CA | Jacobs Education Center | May 7, 1991 |
| Crescent City, CA | Cultural/Community Center, 475 5th St. | May 8, 1991 |
| Grants Pass, OR | Riverside Inn Blue Heron Room | May 9, 1991 |

The sites were selected based on zip code listings showing the largest concentration of eligible applicants on the Settlement Roll. The sessions at all locations will be as follows:

| | |
|---|---|
| 6:00-7:00 PM | explanation of options |
| 7:00-8:00 PM | questions and answers |
| 8:00-9:00 PM | Individual counseling sessions |

An 800 telephone number, 1-800-BIA-HYSA, will be in operation by April 29, 1991 for those who may be unable to attend the scheduled meetings, or if there are other questions you may have you concerning the Hoopa/Yurok Settlement Act.

Sincerely,

Karole D. Overberg
Superintendent

Enclosures: Option Election Form
Option Election Notice

IN REPLY REFER TO:

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
NORTHERN CALIFORNIA AGENCY
P. O. BOX 494879
REDDING, CALIFORNIA 96049-4879

# SETTLEMENT OPTION NOTICE

To: All Persons included on the Settlement Roll Prepared Under the Hoopa-Yurok Settlement Act

Re: Election of Settlement Options

**SECTION I. INTRODUCTION.**

On October 31, 1988, Congress enacted the Hoopa-Yurok Settlement Act. This notice will refer to that legislation simply as "the Act".

Section 5 of the Act requires the Secretary of the Interior to prepare a roll of all eligible persons (a) who show their eligibility as an Indian of the Reservation; (b) who were living on October 31, 1988; (c) who are citizens of the United States; and (d) who were not, on August 8, 1988, enrolled members of the Hoopa Valley Tribe. The Settlement Roll was published in the Federal Register on March 21, 1991. Your name, or the name of the child you sponsored, is included on the Settlement Roll.

The Act provides that each person 18 years or older whose name appears on the Settlement Roll must be notified by certified mail of the right to choose one of the settlement options provided for in Section 6 of the Act. This is your notice of your right to choose one of the settlement options.

Section II of this letter states a deadline which is the date by which you must choose a Settlement Act option. Section III summarizes the options. Section IV explains how you may get more information and advice on the options. Section V explains special rules for persons under 18 years of age, and Section VI explains other rules for plaintiffs in the Short cases. Section VII explains each option in detail and finally Section VIII summarizes the notice.

**SECTION II. LAST DATE FOR MAKING YOUR ELECTION.**

The last date for you to notify the Bureau of Indian Affairs of the option you have chosen is **July 19, 1991.** Your option election form must be postmarked no later than midnight, July 19, 1991.

If you fail to return a written statement of your selection by that date to the Bureau of Indian Affairs, Northern California Agency, P.O. Box 494879, Redding, CA 96049-4879, you will be deemed to have chosen Option 2, Yurok membership. A form is enclosed for your convenience in making your selection. Please be sure to sign and date this form before returning it to the Bureau of Indian Affairs on or before the option election date noted above.

**SECTION III. SUMMARY OF OPTIONS UNDER THE ACT.**

| | |
|---|---|
| Option 1 (Act Sec. 6(b): | Hoopa Tribal membership |
| Option 2 (Act Sec. 6(c): | Yurok Tribal membership |
| Option 3 (Act Sec. 6(d): | Lump Sum Payment - no Hoopa or Yurok tribal membership. |

These three options and the pros and cons of selecting each option are explained in more detail in section VII of this letter. The Act requires that you must select only one of the three options. Any choice you make will be final and cannot be changed after July 19, 1991 which is the final date established by the Secretary for each person on the Settlement Roll to choose an option. Your failure to choose an option within this time limit will lead the Bureau of Indian Affairs to assume that you have chosen Option 2, membership in the Yurok Tribe.

Should you refuse to accept the payment and return it to the Bureau of Indian Affairs, you will not be deemed to have given up any claims you may have to the Hoopa Valley Tribe or Yurok Indian reservations, and you will have preserved your legal right to challenge any of the provisions of the Act. In addition, you will not be deemed to have given permission to the Interim Council to either give up legal claims of the Yurok Tribe arising under the Act or to consent to the payment of escrow monies into the Settlement Fund under the Act. However, in that event, the Act requires that you must file suite on any such claim no later than 120 days after the publication in the Federal Register of the option election date. Failure to file such a lawsuit within the required deadline will result in forfeiture of your legal claims.

**SECTION IV. COUNSELING SERVICE AVAILABLE.**

The Act provides that the Bureau of Indian Affairs must provide special counseling to you to inform you about the advantages and disadvantages associated with each option. If you wish counseling, please contact Dorson Zunie or Silas Ortley, Northern California Agency, at (916) 246-5141, or 1-800-BIA-HYSA. (this number will be available on April 19,1991) In addition, you may contact the Hoopa Valley Tribal Council or the Yurok transition Team at the addresses listed below:

Yurok Transition Team
517 Third Street, Suite 21
Eureka, CA 95501
(707) 444-0433 or 1-(800)-848-8765

Yurok Transition Team
P.O. Box 218
Klamath, CA 95548
(707) 482-2921 or 1-(800)-334-6689

Hoopa Valley Tribal Council
P.O. Box 1348
Hoopa, CA 95546
(916) 625-4211

If you elect Option 3 - Lump Sum Payment, you must complete and sign a sworn statement that you have been provided with complete information about the effects of choosing Option 3.

**SECTION V. SPECIAL PROVISION FOR MINORS WHO WILL NOT BE 18 YEARS OF AGE BY THE DEADLINE DATE TO ELECT OPTIONS.**

The Act provides special rules for minors (those persons under 18 years of age) on the Settlement Roll who will not receive this notice and who will not be able to make their own election unless their eighteenth (18th) birthday occurs on or before **July 19, 1991.** If you are a parent or guardian of a minor whose name is on the Settlement Roll and your name is not included on the Roll, this notice is sent to you on behalf of your minor child.

The Act provides that minors on the Settlement Roll will be deemed to have chosen Option 2, membership in the Yurok Tribe, unless (1) you do not wish the child enrolled in the Yurok Tribe, and (2) you furnish proof that is satisfactory to the Bureau of Indian Affairs, that your minor child is already a member of a Federally recognized Indian tribe, and that tribe prohibits its members from enrolling in another tribe. If those special conditions are met, you may choose Options 2 or 3 for the child. If you do not make a choice on behalf of your minor child before **July 19, 1991**, then the child will have been deemed to elect Option 2 - Yurok Tribal membership. In making an election for your minor child, you are entitled to the counseling services provided by the Bureau of Indian Affairs.

If the minor child becomes a member of the Yurok Tribe under the options provided in the Act, the child will be deemed to be a child of a member of the (Yurok) Indian Tribe even though you yourself elect Option 3, Option - Lump Sum Payment. The money to which your child is entitled under the Act will be held in trust by the Bureau of Indian Affairs until the child reaches the age of 18. At that time the Secretary must notify and provide payment directly to your child including all interest earned.

**SECTION VI. EFFECT ON SHORT PLAINTIFFS OF MAKING AN ELECTION.**

Any payment for damages or other entitlements that a plaintiff may be due under a decision of the United States Claims Court in the Short Cases, meaning the Short, Ackley, Aanstadt, or Giffen litigation is not affected at all by the provisions of the Act or by your choice of any option described in the Act and this notice. Selection of any of the options will not in any way reduce your eligibility, entitlement or right to receive monies that may be due to you as a qualified plaintiff in the Short cases.

**SECTION VII. EXPLANATION OF EACH OPTION.**

A. Option 1 (Section 6(b)) - Hoopa membership option.

1. General Statement Regarding Option 1.

If you choose this option, it means that you wish to become an enrolled member of the Hoopa Valley Tribe. In order to choose this option your name must be listed on the Settlement Roll and you must meet the enrollment requirements of the Hoopa Valley Tribe set out as Schedule A, Schedule B, or Schedule C in the Short Case. (No one born after October 1, 1949 meets those enrollment requirements) In addition you must have either (1) maintained a residence on the Hoopa Valley reservation at any time between October 31, 1983 and October 31, 1988; or (2) owned an interest in real property on the Hoopa Valley Reservation on October 31, 1988. If you provide satisfactory proof that you meet these requirements, you will be entitled to become an enrolled member of the Hoopa Valley Tribe and the Secretary shall cause you to be so enrolled. The requirements for enrollment with the Hoopa Valley Tribe discussed above will be explained to you in detail at your request before you are required to make a decision.

**2. ADVANTAGES TO CHOOSING OPTION 1 - HOOPA MEMBERSHIP**

a. As a member of the Hoopa Valley Tribe, you will be able to share in tribal rights and interest of the Hoopa Valley Tribe, including any tribal rights in unallotted lands and water of the Hoopa Valley Reservation (as defined in the Act) and other property, resources, or rights within, or appertaining to, the Hoopa Valley Indian Reservation or the Hoopa Valley Tribe. Your rights of membership in the Hoopa Valley Tribe will be exactly the same as the rights of other members of the Hoopa Valley Tribe, and you will be entitled to the same protections. In the past the tribe has made Per Capita payments and if they do, you may be eligible to share as a tribal member. As a member of the Hoopa Valley Tribe you may be entitled to participate in the land assignment/lease program as defined under the Hoopa Valley Tribal Land Assignment/Lease Ordinance.

b. If you choose to become a member of the Hoopa Valley Tribe under Option 1, you will be recognized as an enrolled

member of a Federally recognized tribe and entitled to all of the benefits and services available to such members under federal and state programs, benefits, preferences, and services.

c. If you become a member of the Hoopa Valley Tribe under this Option 1, the Secretary will determine your quantum of "Indian Blood" or "Hoopa Indian Blood", if any, under the requirements established in the March 31,1982 court decision in Short.

3. **DISADVANTAGES TO CHOOSING OPTION 1 - HOOPA MEMBERSHIP**

a. By choosing the Hoopa membership option, you will not be eligible for or entitled to any payment from the Settlement Fund. Such payment can only be made under the Act to persons who choose either Option 2 or Option 3.

b. If you choose the Hoopa membership option, you will not have any rights or interests whatsoever in the tribal, communal, or unallotted lands, property, resources or rights within, or appertaining to, the Yurok Indian reservation or the Yurok Tribe. For example, you would be unable to fish, hunt or gather on the Yurok Reservation unless that tribe permitted you to do so. You also will not have any rights or interests in the Settlement Fund except to the extent the Hoopa Valley Tribe uses its portion of the Settlement Fund for your benefit.

c. The Hoopa Valley Tribal Council has enacted a resolution waiving any claim of the Hoopa Valley Tribe against the United States arising under the provisions of the Act. Further, the Hoopa Valley Tribal Council has enacted a resolution affirming the Tribe's consent to the contribution of the Hoopa Escrow monies to the Settlement fund and for payment from the fund to the Yurok Tribe and individual Yuroks as provided for in the Act. Since that resolution has already been enacted, choosing this option means that you will no longer have any voice in deciding whether the Hoopa Valley Tribe should challenge the Act or consent to the distribution of Hoopa Escrow monies and the use of the Settlement Fund.

d. If you choose Option 1, your choice becomes final and irrevocable on July 19, 1991. After that date you cannot change your mind and choose another option.

**B. OPTION 2 (SECTION 6(c)) - YUROK MEMBERSHIP**

1. General Statement regarding Option 2.

Choosing this option means that you wish to become a member of the Yurok Tribe. Under the Act, the Yurok Tribe may adopt a tribal constitution that will establish, among other things, future membership requirements for the Yurok Tribe. If you choose this option you are automatically listed as a base member enrollee of the Yurok Tribe.

As a result, if you are 18 years of age or older you will be eligible to vote in tribal elections or hold office on the tribal council. Any person on the Settlement Roll, regardless of age, may choose Option 2, membership in the Yurok Tribe. As discussed above, persons who fail to make an election by the deadline date for selecting an option will be deemed to have elected the Yurok membership option. Also, as discussed above, persons under 18 years of age whose names are on the Settlement Roll will be deemed to have chosen the Yurok Option unless the minor's parent or guardian can establish to the satisfaction of the Secretary that the minor is already enrolled in another Indian tribe that prohibits dual enrollment. In that case, the parent or guardian may choose option 2 or 3 on behalf of the minor child. Dual enrollment is when a person is enrolled in more than one tribe at a time. Many Indian tribes prohibit dual enrollment and require that you give up your enrollment with the other tribe before you can become a member of the tribe in which you seek membership. Whether or not the Yurok Tribe will prohibit dual enrollment may be decided when the constitution is drafted and accepted by the membership.

2. **ADVANTAGES TO CHOOSING OPTION 2 - YUROK MEMBERSHIP**

a. As a member of the Yurok Tribe, you will share in the rights and interests of the Yurok Tribe, including any tribal rights in the unallotted lands and waters of the Yurok Reservation and other property, resources or rights within, or appertaining to, the Yurok Indian Reservation or the Yurok Tribe. Your rights of membership in the Yurok Tribe will be exactly the same as the rights of other members of the Yurok Tribe and you will be entitled to the same protections.

b. If you choose to become a member of the Yurok Tribe under Option 2, the Act provides that you will be paid $5,000 if you are under the age of 50 years on **July 19, 1991**, the last day established under this notice to elect an option. If you are 50 years or older on **July 19, 1991**, you will be paid $7,500. These payments will be exempt from all federal and state income taxation. Also these payments cannot be used to affect your eligibility for federal social security Act programs such as SSI, AFDC, etc. However, amounts over $2,000 may be considered by **other** Federal or Federally assisted state programs in determining eligibility or level of benefits. State and private programs can consider the entire amount in determining eligibility for services or benefits.

c. By choosing Yurok membership, you will be included on the base membership roll of the Yurok Tribe and be eligible to vote for the Interim Council, seek office on the Yurok Interim Tribal Council, assist in preparing a new constitution, election ordinance and membership ordinance for the Yurok Tribe, and vote for or against the new Yurok Tribal Constitution. Any individual listed on the base roll of the Yurok Tribe cannot be removed from it. The Act provides, however, that only persons 18 years of age or older who have elected Yurok Tribal membership under this option 2 will be

eligible to participate in the formation of the new tribal government.

d. If you choose to become a member of the Yurok Tribe under Option 2, you will be recognized as an enrolled member of a Federally recognized tribe and entitled to all of the benefits and services available to such members under Federal and State programs, benefits, preferences, and services. Some of these entitlements through the Bureau of Indian Affairs may include educational grants, adult vocational training, direct employment assistance, home improvements, and hiring preferences. Health care and hiring preference are also available through Indian Health Service. If you become a member of the Yurok Tribe, the Secretary will determine your quantum of "Indian blood" under the requirements established in a March 31, 1982 decision in Short. This method of determining your quantum of blood was used in determining your blood for the Settlement Roll.

3. **DISADVANTAGES TO CHOOSING OPTION 2 - YUROK MEMBERSHIP**

a. If you choose the Yurok Tribe membership option, you will no longer have any rights or interests whatsoever in the tribal, communal or unallotted lands, property, resources, or rights within, or appertaining to, the Hoopa Valley Indian Reservation as defined by the Act (commonly called the Hoopa Square) , or the Hoopa Valley Tribe, or except for the payment described above in Section 2 (d), the Settlement Fund. By choosing Option 2, you give up any such rights and interests.

b. By choosing Option 2, Yurok Membership, you will not be eligible for or entitled to Option 3 Lump Sum Payment. Such payment can only be made to those who choose Option 3. In addition, by choosing Option 2 - Yurok Membership and becoming an enrolled member of the Yurok Tribe, you will not be eligible to receive any per capita payment from the Hoopa Valley Tribe.

c. If you are now a member of an Indian tribe that prohibits membership in another tribe, choosing Option 2, Yurok Membership may require that you give up your membership in the other tribe under that tribe's membership rules or sharing as a member in the assets of another tribe.

d. Under the Act, the selection of Option 2, membership in the Yurok Tribe, also gives the Yurok Interim Council the right to approve a resolution (1) waiving any claim the Yurok Tribe may have against the United States arising out of the Act and (2) granting Yurok tribal consent to the contribution of Yurok Escrow monies to the Settlement Fund and for use of some of these monies as payment to the Hoopa Tribe and to individual Hoopa members as provided for in the Act.(Section 9 (d) (2) (i). This means that the Interim Council of the Yurok Tribe could vote to accept or reject certain monies and legal powers offered by the Act, to give up legal claims or to keep them, and to consent to the use of the Yurok Escrow monies or to refuse to consent to use of the Yurok Escrow

monies, without any further permission or authority from you as a member of the Yurok Tribe. If you choose this option, you will not only grant your proxy or authority to the Interim Council, but also you cannot take back or change this grant of authority to the Interim Council. Of course, how the Interim Council will vote on these matters is unknown at this time.

e. If you choose this option, your choice becomes final and irrevocable on July 19, 1991. That is, once you make your election, you cannot change your mind or choose another option after that date.

f. If you elect Option 1, 2 or 3, you will have given up any claim you may have against the United States arising out of the Act.

**C. OPTION 3 (SECTION 6(D) - LUMP SUM PAYMENT OPTION.**

1. **General Statement Regarding Option 3.**

As a person whose name is included on the Settlement Roll, you may elect to receive a Lump Sum Payment Option from the Settlement Fund of $15,000. The Act requires that if you choose this option, you must complete under oath, a written statement that you have been given the opportunity to receive counseling provided by the Bureau of Indian Affairs. The Bureau of Indian Affairs is required to consult with the Hoopa Valley Tribal Council and the Yurok Transition Team in providing you with this counseling. Counseling will provide you with a complete explanation of the effects of Option 3 on your tribal enrollment rights and the enrollment rights of your children and descendents who may otherwise be eligible for membership in either the Hoopa Valley Tribe or the Yurok Tribe.

If you choose Option 3, Lump Sum Payment you will be giving up all of the rights and interest you may have in the Hoopa Valley Tribe, the Hoopa Valley Reservation, the Yurok Tribe and the Yurok Reservation.

This Option 3 is not a termination provision. It has no effect on any ties you may have to Indian tribes other than Hoopa and Yurok. It does not change the Indian status of any person on the Settlement Roll. If you choose this option, it does not end the Federal trust status or restrictions that may exist as to any allotted or restricted lands or resources to which you may hold a beneficial interest.

2. **ADVANTAGES TO CHOOSING OPTION 3 - LUMP SUM PAYMENT**

a. If you choose this option, you will receive a $15,000 cash settlement from the Settlement Fund in exchange for giving up any rights or interests you may have in the Hoopa Valley Tribe, the Hoopa Valley Reservation, the Yurok Tribe or the Yurok Reservation. This is a one-time-only payment.

3. **DISADVANTAGES TO CHOOSING OPTION 3 - LUMP SUM PAYMENT.**

a. If you choose this option and accept the $15,000 Lump sum Payment, you will have given up any rights or interests whatsoever in the tribal, communal, or unallotted lands, property, resources, or rights within, or appertaining to, the Hoopa Valley Reservation, the Hoopa Valley Tribe, the Yurok Reservation, or the Yurok Tribe. Also, except for the $15,000 payment, you will have given up any rights or interests you may have in the Settlement Fund.

b. By accepting the $15,000 Lump Sum Payment, you will not be eligible under the Act for enrollment as a matter of right in either the Hoopa Valley Tribe or the Yurok Tribe. Future eligibility for enrollment in either tribe will depend upon each tribe's enrollment requirements as they may exist at the time you may wish to seek enrollment in the future.

c. If you are not eligible for membership in any other Federally recognized Indian tribe and if you elect this option, you may not be able to become an enrolled member of a Federally recognized Indian tribe. Of course, even if you are not now eligible, you may become eligible in the future if a tribe decides to amend its eligibility standards. As a result of choosing Option 3, you may be giving up all of the benefits that could come from such status. This includes benefits that come from the Hoopa and Yurok Tribes, and could also eliminate your eligibility for Federal and State programs, services, preferences and other advantages for which membership or eligibility for membership in a recognized tribe is required. As an additional result, your children and their descendants may also not be eligible for membership in an Indian tribe unless they are also on the Settlement Roll and choose a different option. By way of example, at this time Indian Health Service in California does not require tribal enrollment as proof to receive services. However, there has been talk of imposing that requirement in the future, and Congress could establish that requirement. Also, the Indian Child Welfare Act of 1978 defines "Indian child" by referring to tribal membership and eligibility for membership. Benefits provided by these programs could be affected by choosing Option 3.

d. If you elect this option, your choice becomes final and irrevocable on **July 19, 1991**; that is, once you make your election, you cannot change your mind or choose another option after that date.

e. If you elect Option 1, 2 or 3, you will have given up any claim you may have against the United States arising out of the Act.

f. If you elect the lump sum payment option, the $15,000 is taxable and will be treated as income or financial resource by many Federal, state, or service oriented programs.

**SECTION VIII. SUMMARY.**

Your name is included on the Settlement Roll prepared by the Secretary of the Interior pursuant to the Hoopa-Yurok Settlement Act. Thus, you are entitled to select one of the options described above no later than July 19, 1991. If you wish to choose Option 1, 2 or 3, you must make your selection to the BIA no later than July 19, 1991. If you choose not to select any of those options you will be considered to have elected Option 2, Yurok Membership. Should you refuse to accept the payment and return it to the Bureau of Indian Affairs, you will not be deemed to have granted a release or to have granted a proxy to the Yurok Interim Council. The Act provides that you are entitled to counseling conducted by the Bureau of Indian Affairs on the advantages and disadvantages of the options described above. In addition, if you choose Option 3, Lump Sum Payment, you will be required to sign a sworn statement that such counseling was made available to you.

As you can see, each of the options have certain advantages and disadvantages to you. The purpose of this notice is to provide you with an unbiased explanation of the options available to you under the Act. If you have any further questions or wish to receive counseling regarding this matter, you may contact the persons at the addresses and telephone numbers indicated in Section IV of this letter.

# SETTLEMENT OPTION ELECTION FORM

I am 18 years or older. I hereby select the following option offered pursuant to the Hoopa/Yurok Settlement Act.

CHECK ONE ONLY

[ ] OPTION 1: I choose membership in the Hoopa Valley Tribe.
(must meet requirements in Section VII of the Settlement Option Notice entitled Hoopa Membership)

[ ] OPTION 2: I choose membership in the Yurok Tribe.

[ ] OPTION 3: I choose to receive the lump sum payment (requires completion of sworn affidavit).

Your selection of an option becomes final on July 19, 1991.

I understand that in the event that I do not elect an option, and do not accept any payment under any of the three options I may file a claim pursuant to Section 14, LIMITATION OF ACTIONS: WAIVER OF CLAIMS, within the 120 days from date of the publication of the **Option Election Notice** in the Federal Register.

The Bureau of Indian Affairs has provided me with a Notice of Settlement Options informing me of the rights and benefits of each option presented, the advantages and disadvantages of each option and information on counseling. I understand that this option is irrevocable after July 19, 1991.

______________________________
SIGNATURE

Please Print: NAME: ______________________________

ADDRESS: ______________________________

______________________________

PHONE: ( ) ______________________________

If you are signing on behalf of a person under 18 years old, please indicate:

Minor's Name: ______________________________

Address: ______________________________

______________________________

Please check: [ ] Parent [ ] Guardian

**THIS NOTICE MUST BE RECEIVED BY THE BUREAU OF INDIAN AFFAIRS, POSTMARKED NO LATER THAN MIDNIGHT, JULY 19, 1991.**

**DEPARTMENT OF THE INTERIOR**

**Bureau of Indian Affairs**

**Hoopa-Yurok Settlement Roll**

May 10, 1991.

**AGENCY:** Bureau of Indian Affairs, Interior.

**ACTION:** Notice.

**SUMMARY:** The Bureau of Indian Affairs (BIA) is giving notice of the deadline for electing a settlement option under the provisions of section 6 of the Hoopa-Yurok Settlement Act (Settlement Act) of October 31, 1988, Public Law 100-580, as amended. Under section 6 of the Settlement Act, individuals 18 years of age or older who are determined finally eligible to be on the Hoopa-Yurok Settlement Roll prepared under section 5 will be given the opportunity to elect a settlement option from among three options. The three options are: (1) Membership in the Hoopa Valley Tribe if they meet the membership requirements specified in the Settlement Act; (2) membership in the Yurok Tribe; or (3) a lump sum payment in lieu of membership in either tribe. Minors finally determined eligible to be on the Settlement Roll will be deemed to have elected the Yurok membership option unless the parent or guardian of such a minor furnishes proof that the minor is an enrolled member of a tribe that prohibits members from enrolling in other tribes. In that case the parent or legal guardian of the minor may elect another settlement option.

**DATES:** July 19, 1991, is the deadline for electing a settlement option under section 6 of the Hoopa-Yurok Settlement Act.

**FOR FURTHER INFORMATION CONTACT:** Dorson Zunie, Northern California Agency, Bureau of Indian Affairs, P.O. Box 494879, Redding, California 96049-4879; telephone: (916) 246-5141 (FTS 450-5141) or 1-800-BIAHYSA (1-800-242-4972).

Yurok Transition Team, 517 Third Street, suite 21, Eureka, California 95501; telephone: (707) 444-0433 or 1-800-848-8765.

Yurok Transition Team, P.O. Box 218, Klamath, California 95548; telephone: (707) 482-2921 or 1-800-334-6689.

Hoopa Valley Tribal Council, P.O. Box 1348, Hoopa, California 95546; telephone: (916) 625-4211.

**SUPPLEMENTARY INFORMATION:** This notice is published in exercise of authority delegated by the Secretary of the Interior to the Assistant Secretary—Indian Affairs in the Department Manual at 209 DM 8.

Section 5 of the Settlement Act directed the Secretary of the Interior to prepare a Settlement Roll to identify Yurok and other Indians of the Reservation eligible to participate in the settlement. The deadline for filing applications for inclusion on the Settlement Roll was April 10, 1989.

Under section 5(d) of the Settlement Act, once initial determinations of eligibility were made on all applicants, the Secretary was to publish the Settlement Roll in the **Federal Register.** All initial determinations of eligibility were made and on Thursday, March 21, 1991, the BIA published the names of persons included on the Hoopa-Yurok Settlement Roll in the **Federal Register** (56 FR 12062)

The Settlement Act further directed the Secretary to develop such procedures and times as may be necessary for the consideration of appeals from applicants who were initially determined ineligible for the Settlement Roll and, as a result of the amendment of the Settlement Act, of appeals by the Hoopa Valley Business Council or the Yurok Transition Team from the initial omission or inclusion of names on the Settlement Roll.

The names of applicants not initially on the Settlement Roll who are finally determined eligible on appeal will be added to the Settlement Roll and those individuals will be given the opportunity to elect a settlement option. Applicants who were initially determined eligible, but who are finally determined ineligible on appeal will not be eligible to participate in the settlement and their names will be removed from the Settlement Roll.

Section 6 of the Settlement Act directs the Secretary to give notice within sixty days of the publication in the **Federal Register** of the Settlement Roll by certified mail to each person 18 years or older named on the Settlement Roll of their right to elect a settlement option and the deadline for making that election. With respect to minors on the Settlement Roll the notice is to state that minors shall be deemed to have elected the Yurok membership option unless the parent or guardian furnishes satisfactory proof to the Secretary that the minor is an enrolled member of a tribe that prohibits members from enrolling in other tribes. In that case the parent or guardian may elect another settlement option on behalf of the minor. The required notices were mailed to individuals by the Superintendent, Northern California Agency, BIA, on April 12, 1991.

Under section 6 of the Settlement Act, the Secretary is directed to establish a date by which time the election of an option must be made. Section 6 further directs that the date be 120 days from date of publication of the Settlement Roll in the **Federal Register.**

The Settlement Roll was published in the **Federal Register** on March 21, 1991. Consequently, the deadline for electing a settlement option is July 19, 1991.

**Eddie F. Brown,**

*Assistant Secretary—Indian Affairs.*

[FR Doc. 91-11750 Filed 5-16-91; 8:45 am]

BILLING CODE 4310-02-M

**DEPARTMENT OF THE INTERIOR**

**Bureau of Indian Affairs**

**Hoopa-Yurok Settlement Act**

May 10, 1991.

**AGENCY:** Bureau of Indian Affairs, Interior.

**ACTION:** Notice.

**SUMMARY:** The Bureau of Indian Affairs (BIA) is publishing notice of the statute of limitation for filing certain claims under section 14 of the Hoopa-Yurok Settlement Act of October 31, 1988, Public Law 100-580, as amended. Any claim by a person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, challenging the partition of the joint reservation under section 2 of the Settlement Act or any other provision of the Act as having effected a taking under the fifth amendment of the United States Constitution or as otherwise having provided inadequate compensation shall be forever barred if not brought by the date determined in accordance with the provisions of section 14.

**DATES:** Claims challenging the constitutionality of the Hoopa-Yurok Settlement Act by any person or entity, other than the Hoopa Valley tribe or the Yurok Tribe, must be brought by September 16, 1991.

**FOR FURTHER INFORMATION CONTACT:** Dorson Zunie, Northern California Agency, Bureau of Indian Affairs, P.O. Box 494879, Redding, California 96049-4679; telephone: (916) 246-5141 (FTS 450-5141).

**SUPPLEMENTARY INFORMATION:** This notice is published in exercise of authority delegated by the Secretary of the Interior to the Assistant Secretary—Indian Affairs in the Departmental Manual at 209 DM 8.

Section 14 of the Settlement Act provides that any claim challenging the partition of the joint reservation under section 2 or any other provision as having effected a taking under the fifth amendment of the United States Constitution or as otherwise having provided inadequate compensation shall be brought, pursuant to 28 U.S.C. 1491 or 28 U.S.C. 1505, in the United States Claims Court. Section 14 further states that any claim by any person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, shall be forever barred if not brought within the later of 210 days from the date of the partition of the joint reservation as provided in section 2, or 120 days after the publication in the **Federal Register** of the option election date under section 6.

On Wednesday, December 7, 1988, a document was published in the **Federal Register** at 53 FR 49361 providing official notice that the Hoopa Valley Tribe had adopted a valid resolution which met the requirements of section 2 of the Settlement Act. In accordance with section 2, partitioning of the joint reservation was effective with the publication of that notice in the **Federal Register.** More than 210 days have since passed.

A notice of the deadline for electing a settlement option under section 6 is being published as a separate document in the **Federal Register** today, May 17, 1991. A date 120 days from today is later than 210 days from the effective date of the partitioning of the joint reservation under section 2. Consequently, any claim by any person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, questioning the constitutionality of the Hoopa-Yurok Settlement Act must be brought by September 16, 1991, or be forever barred.

**Eddie F. Brown,**

*Assistant Secretary—Indian Affairs.*

[FR Doc. 91-11749 Filed 5-16-91; 8:45 am]

BILLING CODE 4310-02-M

IN REPLY REFER TO:

UNITED STATES
DEPARTMENT OF THE INTERIOR
BUREAU OF INDIAN AFFAIRS
NORTHERN CALIFORNIA AGENCY
P. O. BOX 494879
REDDING, CALIFORNIA 96049-4879

AUG 14 1991

NOTICE TO CONVENE GENERAL COUNCIL MEETING OF THE YUROK TRIBE
TO NOMINATE THE YUROK INTERIM TRIBAL COUNCIL

TO ALL YUROK TRIBAL MEMBERS 18 YEARS AND OLDER AS OF OCTOBER 25, 1991:

PURSUANT TO PUBLIC LAW 100-580 AS AMENDED, SECTION 9. (c) (1): RECOGNITION AND ORGANIZATION OF THE YUROK TRIBE. YOU ARE HEREBY NOTIFIED THAT THE SUPERINTENDENT, NORTHERN CALIFORNIA AGENCY, BUREAU OF INDIAN AFFAIRS WILL CONVENE A GENERAL COUNCIL MEETING OF ALL ELIGIBLE YUROK TRIBAL MEMBERS FOR THE PURPOSE OF ACCEPTING NOMINATIONS OF CANDIDATES FOR THE YUROK INTERIM COUNCIL.

| | |
|---|---|
| **DATE:** | SATURDAY, SEPTEMBER 14, 1991 |
| **TIME:** | 1:00 PM to 3:00 PM |
| **PLACES:** | WEITCHPEC ELEMENTARY SCHOOL, WEITCHPEC, CA<br>MARGARET KEATING SCHOOL, KLAMATH, CA |

**PROCEDURES**

A LIST OF ALL ELIGIBLE YUROK VOTERS WILL BE POSTED AT THE ENTRANCES. ONLY ELIGIBLE MEMBERS WILL BE ALLOWED TO PARTICIPATE IN THIS MEETING. OPEN NOMINATIONS WILL BE MADE FROM THE FLOOR.

ELIGIBLE MEMBERS MAY NOMINATE OTHERS OR THEMSELVES TO BE CANDIDATES.

NO PERSON SHALL BE ELIGIBLE FOR NOMINATION WHO IS NOT ON THE YUROK VOTERS LIST AND AT LEAST 18 YEARS OF AGE ON OCTOBER 25, 1991.

IF YOU ARE UNABLE TO ATTEND ONE OF THESE MEETINGS, WRITE-IN NOMINATIONS MAY BE SENT TO THE NORTHERN CALIFORNIA AGENCY AND **MUST** BE RECEIVED BY FRIDAY SEPT. 13, 1991.

SEND WRITE-IN NOMINATIONS TO:

BUREAU OF INDIAN AFFAIRS
NORTHERN CALIFORNIA AGENCY
P.O. BOX 494879
REDDING, CA 96049-4879

FOR WRITE-IN NOMINATIONS, PLEASE LIST NAME AS YOU WISH IT TO APPEAR ON THE BALLOT AND GIVE BIRTHDATE OF NOMINEE. ALSO, SIGN, AND DATE NOMINATION BEFORE MAILING.

LISTS OF ELIGIBLE VOTERS WILL BE POSTED AT:

1. BUREAU OF INDIAN AFFAIRS, SACRAMENTO AREA OFFICE
2. BUREAU OF INDIAN AFFAIRS, NORTHERN CALIFORNIA AGENCY
3. BUREAU OF INDIAN AFFAIRS, KLAMATH FIELD OFFICE
4. YUROK TRANSITION TEAM OFFICE IN KLAMATH, CA
5. YUROK TRANSITION TEAM OFFICE IN EUREKA, CA
6. PEARSONS STORE IN WEITCHPEC, CA

INDIVIDUALS CAN CONTACT THE BUREAU OF INDIAN AFFAIRS BY TELEPHONE AT: 1 800-242-4972 (1 800-BIA-HYSA).

KAROLE D. OVERBERG
SUPERINTENDENT