# YUROK TRIBE

190 Klamath Boulevard • Post Office Box 1027 • Klamath, CA 95548

**RESOLUTION**
**of the**
**YUROK TRIBAL COUNCIL**

**RESOLUTION NO:** 07-41

**DATE APPROVED:** April 19, 2007

**SUBJECT:** Direction and Authorization to Distribute Yurok Assets Held in Trust by the Office of the Special Trustee for American Indians of the Department of the Interior

**WHEREAS:** The Yurok Tribe is a Federally recognized Indian Tribe pursuant to a determination by the Bureau of Indian Affairs that was published in the *Federal Register* (60 Fed. Reg. 9,249 (February 16, 1995)), eligible for all rights and privileges afforded to Federally recognized tribes, including, but not limited to, the rights and privileges afforded under the Hoopa-Yurok Settlement Act, and the Yurok Tribal Council is the governing body of the Yurok Tribe under the authority of the Yurok Constitution of 1993; and,

**WHEREAS:** Section 2(c) of the Hoopa-Yurok Settlement Act (the "Act") provides for certain benefits to the Yurok Tribe, including apportionment of funds, certain land transfers, and certain land acquisition authorities, provided that the Yurok Tribe adopt a resolution waiving certain claims, as required by the Act; and,

**WHEREAS:** The Yurok Tribe did on March 21, 2007 waive any claim the Yurok Tribe may have against the United States arising out of the provisions of the Hoopa-Yurok Settlement Act, and thereby came in full compliance with the requirements of the Act; and;

**WHEREAS:** On March 21, 2007, the Office of the Special Trustee for American Indians reviewed the Yurok Tribe's March 21, 2007 waiver and found that "the resolution meets the requirements of the Act"; and,

**WHEREAS:** In its March 21, 2007 letter the Office of the Special Trustee for American Indians stated that it would "distribute to the Yurok Tribe the funds still held by the Department of the Interior pursuant to the Act, including the remaining balance of the Hoopa-Yurok Settlement Account" on or after April 20, 2007; and,

Phone: (707) 482-1350 • Fax: (707) 482-1377

E-29

**NOW THERFORE BE IT RESOLVED:** The Yurok Tribal Council hereby authorizes and directs the Department of the Interior to Free Deliver as soon as possible all assets in **Hoopa-Yurok Settlement Accoun** Ex. 4 to the Custodian listed below:

**CUSTODIAN**

**Money Market Accounts to:**
ABA# Ex. 4
Bank: Citibank, New York
For the Benefit of Morgan Stanley & Co., Incorporated
Beneficiary Account: Ex. 4
For further credit to # Ex. 4 , Yurok Tribe Tribal Reserve

**Securities to:**
DTC Clearing Number Ex. 4
FBO Yurok Tribe Tribal Reserve
A/C#
Ex. 4

**BE IT FURTHER RESOLVED:** That the Chairperson is hereby authorized to sign this resolution and to negotiate all matter pertaining hereto and that the Recording Secretary is authorized to attest.

**C*E*R*T*I*F*I*C*A*T*I*O*N**

This is to certify that this Resolution Number **07-41** was approved at a duly called Special Meeting of the Yurok Tribe on **April 19, 2007** at which a quorum was present and that this resolution Number **07-41** was adopted by a vote of 6 for and 0 opposed and 0 abstentions. This resolution Number **07-41** has not been rescinded or amended in any way.

**DATED THIS 19TH DAY OF APRIL, 2007**

**Maria Tripp, Chair**

**ATTEST:**

**Cynthia McKernan, Executive Assistant**

United States Department of the Interior

OFFICE OF THE SOLICITOR
1849 C STREET N.W.
WASHINGTON, DC 20240

APR 20 2007

SENT VIA FACSIMILE

Honorable Clifford Lyle Marshall
Chairman, Hoopa Valley Tribe
P.O. Box 1348
Hoopa, California 95546

Dear Chairman Marshall:

On behalf of Secretary Kempthorne, this letter responds to your April 9, 2007 letter, in which you request the Secretary to refer decisions dated March 1 and March 21, 2007, by the Special Trustee for American Indians to the Interior Board of Indian Appeals (IBIA). These decisions addressed the distribution of funds still held by the Department of the Interior pursuant to the 1988 Hoopa-Yurok Settlement Act (Act).

As your letter notes, the IBIA has already dismissed the Tribe's appeal of this matter, concluding that it did not have jurisdiction. *Hoopa Valley Tribe v. Special Trustee for American Indians*, 44 IBIA 210 (March 27, 2007). Likewise, the Assistant Secretary – Indian Affairs, in a response dated April 6, 2007, declined to refer the matter to the IBIA as you requested pursuant to 43 C.F.R. § 4.2(b)(2)(ii).

As expressed in the Assistant Secretary's letter, the Special Trustee can render final decisions for the Department, and the March 1 and March 21 decisions present the final decision of the Department on this matter. Referral to the IBIA would not be appropriate.

As noted in the Special Trustee's decisions and the Assistant Secretary's response, the Department will not take further action consistent with those decisions before April 20, 2007. The 30-day period established in the Special Trustee's decisions provides the Tribe an opportunity to explore further steps that you may want to take. From the Department's perspective, however, the Special Trustee has rendered a final decision.

Sincerely,

Lawrence J. Jensen

Lawrence J. Jensen RMM
Deputy Solicitor

cc: Special Trustee
Assistant Secretary – Indian Affairs
Chairperson, Yurok Tribe

# YUROK TRIBE
## OFFICE OF COUNCIL SUPPORT

P.O. Box 1027 Klamath, CA 945548
Phone: (707) 482-1350 Fax: (707) 482-1373

RECEIVED
OST / Principal Deputy
Special Trustee
2007 APR 20 AM 11:00

# Fax Cover Sheet

DATE: 4-20-07

FROM: Cindee McKernan

Number of Pages Including Cover: 3

TO: Donna Erwin

COMPANY: Department of Interior – Office of Trust Funds Mgmt.

FAX NUMBER: 505-816-1319

COMMENTS: Per your/Ray Calamaro's request please find Attached the "draft" resolution we will send. Please let us know If this resolution is acceptable. Thank you.

My # is 707-482-1374 – Direct Line

**PLEASE CALL (707) 482-1350X316 IMMEDIATELY IF THERE ARE ANY PROBLEMS WITH THIS FAX**

07604497ch

# DRAFT

**RESOLUTION**
**of the**
**YUROK TRIBAL COUNCIL**

**RESOLUTION NO:** 07-041

**DATE APPROVED:** April 19, 2007

**SUBJECT:** Direction and Authorization to Distribute Yurok Assets Held in Trust by the Office of the Special Trustee for American Indians of the Department of the Interior

**WHEREAS:** The Yurok Tribe is a Federally recognized Indian Tribe pursuant to a determination by the Bureau of Indian Affairs that was published in the *Federal Register* (60 Fed. Reg. 9,249 (February 16, 1995)), eligible for all rights and privileges afforded to Federally recognized tribes, including, but not limited to, the rights and privileges afforded under the Hoopa-Yurok Settlement Act, and the Yurok Tribal Council is the governing body of the Yurok Tribe under the authority of the Yurok Constitution of 1993; and,

**WHEREAS:** Section 2(c) of the Hoopa-Yurok Settlement Act (the "Act") provides for certain benefits to the Yurok Tribe, including apportionment of funds, certain land transfers, and certain land acquisition authorities, provided that the Yurok Tribe adopt a resolution waiving certain claims, as required by the Act; and,

**WHEREAS:** The Yurok Tribe did on March 21, 2007 waive any claim the Yurok Tribe may have against the United States arising out of the provisions of the Hoopa-Yurok Settlement Act, and thereby came in full compliance with the requirements of the Act; and,

**WHEREAS:** On March 21, 2007, the Office of the Special Trustee for American Indians reviewed the Yurok Tribe's March 21, 2007 waiver and found that "the resolution meets the requirements of the Act"; and,

**WHEREAS:** In its March 21, 2007 letter the Office of the Special Trustee for American Indians stated that it would "distribute to the Yurok Tribe the funds still held by the Department of the Interior pursuant to the Act, including the remaining balance of the Hoopa-Yurok Settlement Account" on or after April 20, 2007; and,

**WHEREAS:** The Department of the Interior ~~seeks authority to Free~~ is Deliver all assets in **Hoopa-Yurok Settlement <u>Account #</u>** Ex. 4 to a Custodian identified by the Yurok Tribe.

# DRAFT

**NOW THERFORE BE IT RESOLVED:** The Yurok Tribal Council hereby ~~authorizes~~ requests the Department of the Interior to Free Deliver as soon as possible all assets in **Hoopa-Yurok Settlement** **Account #** Ex. 4 to the Custodian listed below:

**CUSTODIAN**

**Money Market Accounts to:**
ABA# Ex. 4
Bank: Citibank, New York
For the Benefit of Morgan Stanley & Co., Incorporated
Beneficiary Account: Ex. 4
For further credit to Ex. 4 , Yurok Tribe Tribal Reserve

**Securities to:**
DTC Clearing Number Ex. 4
FBO Yurok Tribe Tribal Reserve
A/C# Ex. 4

**BE IT FURTHER RESOLVED:** That the Chairperson is hereby authorized to sign this resolution and to negotiate all matter pertaining hereto and that the Recording Secretary is authorized to attest.

**C*E*R*T*I*F*I*C*A*T*I*O*N**

This is to certify that this Resolution Number **07-041** was approved at a duly called Special Meeting of the Yurok Tribe on **April 19, 2006** at which a quorum was present and that this resolution Number **07-041** was adopted by a vote of _7_ for and _0_ opposed and _0_ abstentions. This resolution Number **07-041** has not been rescinded or amended in any way.

**DATED THIS 19TH DAY OF APRIL, 2007**

______________________________
**Maria Tripp, Chair**

**ATTEST:**

______________________________
**Cynthia McKernan, Executive Assistant**

# United States Department of the Interior

OFFICE OF THE SPECIAL TRUSTEE FOR AMERICAN INDIANS
Washington, D.C. 20240

April 20, 2007

SENT VIA FACSIMILE

Honorable Clifford Lyle Marshall
Chairman, Hoopa Valley Tribe
P.O. Box 1348
Hoopa, California 95546

Honorable Maria Tripp
Chairperson, Yurok Tribe
190 Klamath Boulevard
Klamath, California 95548

Dear Chairman Marshall and Chairperson Tripp:

As I noted in letters to you dated March 1 and March 21, 2007, the Department has concluded that authority exists under the 1988 Hoopa-Yurok Settlement Act (Act) to distribute funds still held by the Department pursuant to the Act to the Yurok Tribe upon the submission of a new waiver of claims by the Yurok Tribe. The Department has received the waiver of claims, adopted as Yurok Tribal Council Resolution 07-037, which meets the requirements of the Act.

As I also noted in those letters, the Department would not take further action consistent with this decision before April 20, 2007, in recognition of the fact that issues involving the Act have had a long and disputed history and that the Tribes may want to explore further steps in light of this decision. The Hoopa Valley Tribe filed a notice of appeal with the Interior Board of Indian Appeals (IBIA), but the IBIA dismissed the appeal because it did not have jurisdiction. *Hoopa Valley Tribe v. Special Trustee for American Indians*, 44 IBIA 210 (March 27, 2007). The Hoopa Valley Tribe recently filed a motion for reconsideration before the IBIA; the applicable regulations provide, however, that the initial IBIA decision is final and that petitions for reconsideration do not stay the effect or otherwise affect the finality of any decision unless so ordered by the IBIA. 43 CFR §§ 4.312, 4.315. Moreover, as confirmed in Assistant Secretary Artman's April 6, 2007 response to Chairman Marshall, the decision in this matter represents the final decision of the Department and thus is not subject to review by the IBIA.

Accordingly, nothing precludes me from taking action consistent with the decision in this matter. As of 10:00 a.m. Eastern Daylight Time today, I have advised the custodian of the account holding the remaining balance of the Hoopa-Yurok Settlement Fund that its ownership has been transferred solely to the Yurok Tribe.

Sincerely,

Ross O. Swimmer
Special Trustee for American Indians

United States Department of the Interior
OFFICE OF THE SPECIAL TRUSTEE FOR AMERICAN INDIANS
Albuquerque, NM 87109

TAKE PRIDE IN AMERICA

APR 20 2007

SEI Private Trust Company
Attn: Tim Cienkowski
Asset Movement
Hillside 2nd Floor
One Freedom Valley Drive
Oaks, Pennsylvania 19456

Ex. 5

Fax: 610-676-2115; Phone: 610-676-1337

Re: Hoopa/Yurok Settlement -7193

Gentlemen:

Please take this letter as authorization for SEI Private Trust Company to free deliver, as soon as possible, the assets in the following account to the recipient custodian listed below.

| | |
|---|---|
| Account: | Hoopa/Yurok Settlement-7193 |
| Account No: | Ex. 2 |
| Custodian: | Morgan Stanley; DTC # Ex. 4 |
| FBO TO: | York Tribe Tribal Reserve |
| Account No: | Ex. 4 |

Delivery request documents and transfer instructions are enclosed.

If you have questions, please call Richard Zakrzewski at (505) 816-1112.

Sincerely,

Robert J. Winter
Deputy Special Trustee-Trust Services

Margaret Treadway
Chief of Staff

Enclosure

4400 Masthead N.E.

0700447ce

| DELIVERY REQUEST FORM – DTCC / FED / Mutual Fund / Physical / Gifting (PAGE 1) | | 1. Date: | APRIL 20, 2007 |
|---|---|---|---|
| 5. Trust A/C#: | Ex. 2 | 2. Contact Info: | RICHARD ZAKRZEWSKI |
| 6. Trust A/C Name: | YUROK Settlement | 3. Bank Name: | 0428 - OST |
| 7. Explanation (50 char max): | FREE - IN KIND DELIVERY | 4. Phone: | 505-816-1112 |
| 8. Transfer Type: | FULL: ☒ PARTIAL (Include Asset Specifics Below): ☐ | | |
| 9. Delivery Type: | DTCC: ☒ FED: ☐ Mutual Fund: ☐ Physical: ☐ | Gift (Same Day/CASH): ☐ | Disclose Donor Info? Y☐ N☐ |

- Use this section below to detail positions

| | CUSIP_ID | Asset_Short_Nm | Par Value | Market Value | Federal Cost |
|---|---|---|---|---|---|
| 1 | 31331TYF2 | FFCB 2.625% 9/17/07 | $5,000,000.00 | $4,948,450.00 | $4,987,800.00 |
| 2 | 3133XCXL2 | FHLB 5.000% 3/07/08 | $4,000,000.00 | $3,995,000.00 | $4,030,560.00 |
| 3 | 31315PFU8 | FAMCA 3.950% 9/02/08 | $7,000,000.00 | $6,905,290.00 | $7,000,000.00 |
| 4 | 3128X3WY5 | FHLMC 4.000% 9/22/09 | $3,000,000.00 | $2,942,190.00 | $2,986,680.00 |
| 5 | 31358C6W1 | FNMA Z-CPN 11/15/09 | $15,000,000.00 | $13,266,450.00 | $12,480,675.00 |
| 6 | 3128X1LH8 | FHLMC 3.380% 9/30/10 | $5,000,000.00 | $4,769,600.00 | $5,000,000.00 |
| 7 | 3133XDDP3 | FHLB CMO 00-0582 H 4.750% 10/25/10 | $2,674,247.38 | $2,643,333.08 | $2,665,890.36 |
| 8 | 3136F62L2 | FNMA 1XC 4/25/08 5.000% 4/25/11 | $1,500,000.00 | $1,489,215.00 | $1,500,000.00 |
| 9 | 3128X5EX2 | FHLMC 1XC 7/20/09 5.750% 7/20/11 | $1,000,000.00 | $1,015,550.00 | $1,000,000.00 |
| 10 | 31359M3Y7 | FNMA 1XC 1/12/09 5.250% 1/12/12 | $1,000,000.00 | $1,000,000.00 | $999,750.00 |
| 11 | 3128X1LF2 | FHLMC CC 6/19/07 3.890% 6/19/13 | $5,000,000.00 | $4,710,300.00 | $5,000,000.00 |
| 12 | 3136F73C9 | FNMA 1XC 10/18/10 5.250% 10/18/13 | $1,000,000.00 | $1,000,310.00 | $999,850.00 |
| 13 | 3128X4W72 | FHLMC 1XC 3/28/11 5.500% 3/28/16 | $1,000,000.00 | $1,005,940.00 | $1,000,000.00 |
| 14 | 3128X5BT4 | FHLMC 1XC 6/6/11 5.800% 6/06/16 | $10,000,000.00 | $10,202,200.00 | $10,000,000.00 |
| 15 | 31359MB69 | FNMA 1XC 4/26/10 5.000% 4/26/17 | $5,000,000.00 | $4,892,200.00 | $4,900,000.00 |
| 16 | 3136F3YS9 | FNMA CQ 10/2/06 5.000% 7/02/18 | $5,000,000.00 | $4,818,750.00 | $5,000,000.00 |
| 17 | 3128X2K46 | FHLMC 1XC 3/5/09 5.200% 3/05/19 | $500,000.00 | $490,625.00 | $487,590.00 |
| 18 | 3133X8U75 | FHLB CC 4/15/05 5.750% 10/15/19 | $5,000,000.00 | $4,937,500.00 | $4,999,750.00 |
| 19 | 31331SQM8 | FFCB CC 2/24/10 5.230% 2/24/20 | $5,000,000.00 | $4,843,750.00 | $4,975,000.00 |
| 20 | 3128X4TP6 | FHLMC CS 11/16/07 6.080% 11/16/20 | $500,000.00 | $496,650.00 | $500,000.00 |
| 21 | 3128X4G62 | FHLMC CS 2/23/09 6.000% 2/23/21 | $1,000,000.00 | $990,530.00 | $1,000,000.00 |
| 22 | 31359MM34 | FNMA 1XC 4/28/11 6.000% 4/28/21 | $1,000,000.00 | $1,017,810.00 | $998,750.00 |
| 23 | 31331VX92 | FFCB CC 8/16/13 5.875% 8/16/21 | $1,000,000.00 | $1,015,940.00 | $997,500.00 |

H:\OPERATIONS\Asset Movement\Free Deliveries Desk\Forms\Free Delivery Form.doc Page 1 of 3

DISTRIBUTION (PAGE 2)

18. **ELECTRONIC DELIVERY – DTCC INSTRUCTIONS**

| | |
|---|---|
| DTCC #: | Ex. 4 MORGAN STANLEY |
| A/C #: | Ex. 4 |
| A/C Name: | YUROK TRIBE TRIBAL RESERVE |

19. **FED DELIVERY INSTRUCTIONS**

| | |
|---|---|
| ABA# | N/A |
| Delivery Address: | |
| 3rd Party: | |
| Receiving A/C Name and Number: | |

20. **PHYSICAL DELIVERY INSTRUCTIONS**

- Registration Information (One form per Cusip Required for Physical Re-registration)

| | |
|---|---|
| Name: | N/A |
| Address: (Do Not Supply P.O. Box) | |
| Tax ID / SSN# | |

Send Certificate Directly to the above address: Yes: ☐ No: ☐

| | |
|---|---|
| Other Address (If applicable) | |

H:\OPERATIONS\Asset Movement\Free Deliveries Desk\Forms\Free Delivery Form.doc Page 2 of 3

# United States Department of the Interior

OFFICE OF THE SECRETARY
Washington, D.C. 20240

JUN 29 2007

RECEIVED
JUL 12 2007
HOOPA VALLEY
TRIBAL COUNCIL

Honorable Clifford Lyle Marshall
Chairman, Hoopa Valley Tribe
P.O. Box 1348
Hoopa, California 95546

RECEIVED
MORISSET, SCHLOSSER, JOZWIAK & MCGAW
JUL 17 2007
☒ MAIL ☐ FAX ☐ EXPRESS ☐ E-MAIL ☐ HAND ☐ INTERNET

Dear Chairman Marshall:

On behalf of Secretary Kempthorne, I am writing to respond to your May 21, 2007 letter regarding the Hoopa-Yurok Settlement Fund (Fund). Your letter charges that "the personal views of a few unsupervised employees of the Department" have resulted in the proposed "mismanagement" of the Fund, the denial of the Hoopa Valley Tribe's right to appeal Departmental decisions, and the theft of the Tribe's "rightful inheritance." I appreciate the long history and sensitivity of this matter for all involved, but respectfully disagree with your characterization of this matter and its effect on the Tribe.

The decisions by the Special Trustee at issue in your letter, dated March 1 and March 21, 2007, addressed the distribution of the remaining monies in the Fund, which the Department still held pursuant to the 1988 Hoopa-Yurok Settlement Act (Act), Pub. L. No. 100-580 (codified as amended at 25 U.S.C. § 1300i *et seq.*). After an extensive and thorough review of this matter by the Department, during which both the Hoopa Valley Tribe and Yurok Tribe asserted their respective views both in writing and in meetings with Departmental officials, the Department appropriately concluded that the Yurok Tribe could still submit a waiver as required by the Act for the Yurok Tribe to receive its benefits under the Act and, upon submission of such waiver, the Department could distribute the Fund to the Yurok Tribe pursuant to the Act.

The takings claim brought by the Yurok Tribe in the *Karuk Tribe v. United States* litigation certainly clouded resolution of this matter, but litigation of that claim by no means resolved the matter in favor of the Hoopa Valley Tribe. Congress provided in the Act for the equitable division of the Fund between the two Tribes, the Hoopa Valley Tribe consented to the use of escrowed funds to be included for this purpose, and the Hoopa Valley Tribe long ago received its share as specified by the Act--a fact also noted by Assistant Secretary McCaleb in his 2002 testimony before the Senate Indian Affairs Committee. Nothing in the Act divests the Yurok Tribe of its share of the Fund or specifies that the Yurok Tribe would forfeit its benefits by bringing a takings claim. It would be inappropriate for the Department, as trustee, to ascribe a contrary intent to Congress. Based on these factors, the Department can hardly be accused of "robbing" the Tribe of its "rightful inheritance" by paying to the Yurok Tribe its share of the Fund.

The Department disagrees with your assertion that the Hoopa Valley Tribe was denied a right to appeal these decisions. The Tribe presented its case for over a year to all levels of the Department prior to the issuance of these decisions. The Department also stayed the effect of its March 21, 2007 decision for 30 days to provide the Tribe an opportunity to challenge them and even provided the Tribe early warning in the initial March 1, 2007 decision. Although the Interior Board of Indian Appeals (IBIA) immediately dismissed the Tribe's administrative appeal for lack of jurisdiction and although Departmental officials repeatedly informed the Tribe that the decisions were final and not subject to IBIA review, the Tribe submitted several requests to the Department seeking rehearing before the IBIA. The Department provided ample opportunity for the Tribe to challenge these decisions in federal court, where aggrieved parties usually challenge final agency actions. The Tribe itself chose not to take this approach, based on an interpretation of a Ninth Circuit decision with which the Department does not necessarily agree.

Finally, your letter states the Hoopa Valley Tribe will sue the United States in federal court and seek damages for a breach of trust "if the funds are withdrawn from the trust account." The Department already distributed the Fund to the Yurok Tribe in accordance with the expressed intent of the March decisions as well as the April 20, 2007 letter from the Special Trustee. Had the Hoopa Valley Tribe wanted to prevent this distribution, the Tribe should have sought to enjoin it in an appropriate forum. If the Tribe chooses now to bring suit in federal court asserting a breach of trust, then the United States will be obligated to assert all available defenses.

The Department appreciates the underlying issues of this dispute have been argued between the two Tribes (and others) for over 40 years. The decisions made by the Department comport fully with the 1988 Hoopa-Yurok Settlement Act. It is my hope that the Tribe and the Department can move forward and work constructively together in the future on other issues of importance to the Tribe.

Sincerely,

Carl J. Artman
Assistant Secretary – Indian Affairs

cc: Senator Byron Dorgan
Senator Dianne Feinstein
Senator Barbara Boxer
Representative Nick Rahall
Representative Mike Thompson
Hon. Maria Tripp, Yurok Tribe

Morgan Stanley
Harborside Financial Center
Plaza 3, 6th Floor
Jersey City, NJ 07311
Attn: Banking and Cash Services

RECEIVED
MORISSET, SCHLOSSER, JOZWIAK & MCGAW

JAN 31 2008

☒ MAIL ☐ EXPRESS ☐ HAND
☐ FAX ☐ E-MAIL ☐ INTERNET

02194

PO BOX 141
HOOPA, CA 95546-0141

Pursuant to client instructions, we have issued to you the attached check in the amount of $15,652.89. Please direct any inquiries concerning this transaction to our Customer Interaction Center at 1-800-869-3326.

Check Date: 01/15/2008
Check Number: 902822132
Payable to:

SETTLEMENT

PLEASE DETACH AND RETAIN THIS PORTION FOR YOUR RECORDS.

ORIGINAL CHECK HAS A COLORED BACKGROUND WITH A MICRO PRINTED WARNING BAND

Morgan Stanley
Banking and Cash Services
Jersey City, NJ 07311

Bank of America
Community Development Bank
WALNUT CREEK, CALIFORNIA 94596
920

902822132

90-4182/1211

ACCOUNT NUMBER: 169-033778-0

DATE: 01/15/2008

PAY FIFTEEN THOUSAND SIX HUNDRED FIFTY TWO DOLLARS AND 89 CENTS

$ **15,652.89

TO THE ORDER OF PO BOX 141
HOOPA, CA 95546-0141

Morgan Stanley

VOID 180 DAYS AFTER ISSUE DATE

EXPLANATION OF ADDITIONAL SECURITY FEATURES INDICATED ON REVERSE SIDE

⑈902822132⑈ ⑆121141822⑆ 7313800162⑈

**CERTIFICATE OF SERVICE**

I hereby certify that on April 2, 2008, a copy of the Appendix of Exhibits to Hoopa Motion and Memorandum in Support of Motion for Partial Summary Judgment was electronically sent via the CM/ECF system by the United States Court of Federal Claims on the following party:

Devon Lehman McCune
Email: devon.mccune@usdoj.gov

s/ Thomas P. Schlosser____________________
Thomas P. Schlosser, Attorney of Record
MORISSET, SCHLOSSER, JOZWIAK & McGAW
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322
t.schlosser@msaj.com

T:\WPDOCS\0020\09561\Pleadings\HVTMPtSJ AppList_02.doc
nmc:4/1/08