**Electronically Filed May 1, 2008**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOOPA VALLEY TRIBE, on its own behalf, and in its capacity as *parens patriae* on behalf of its members; Elton Baldy; Oscar Billings; Benjamin Branham, Jr.; Lila Carpenter; William F. Carpenter, Jr.; Margaret Mattz Dickson; Freedom Jackson; William J. Jarnaghan, Sr.; Joseph LeMieux; Clifford Lyle Marshall; Leonard Masten, Jr.; Danielle Vigil-Masten, Plaintiff, v. UNITED STATES OF AMERICA, Defendant. | Case No. 08-72 L<br>Judge Thomas C. Wheeler<br>**OPPOSITION TO MOTION TO STAY BRIEFING ON PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

On April 2, 2008, individual Hoopa plaintiffs and the Hoopa Valley Tribe ("Hoopa Plaintiffs") filed a motion for partial summary judgment[1] on a single and purely legal issue: Whether the United States breached its duties of trust to the Hoopa Plaintiffs by making an underinclusive per capita payment of funds derived from the former Hoopa Valley Reservation in the same manner it had done decades earlier. *See generally Short v. United States ("Short VII")*, 50 F.3d 994, 996 (Fed. Cir. 1995).

On March 24, 2008, counsel of record for the Hoopa Plaintiffs agreed to allow the United States until June 2, 2008, to answer the complaint. Decl. of Thomas P. Schlosser Regarding United States' Motion for Indefinite Stay (filed herewith) ("Schlosser Decl."), ¶ 2. The United States' response to the Hoopa Motion is currently due May 5, 2008. Now, the United States moves to stay these proceedings "until further notice" so that the United States can, among other things, "fully develop its case." U.S. Mot. at 1. While the Hoopa Plaintiffs believe that a reasonable and specific enlargement of time for the United States to present its threshold legal

[1] Hoopa Valley Tribe and Individual Hoopa Tribal Members' Motion for Partial Summary Judgment on Question of Breach of Trust Responsibility (filed and served April 2, 2008) ("Hoopa Motion").

issues on this matter and respond to the Hoopa Motion is fair, an indefinite stay of these proceedings is not supported by the law, this Court's Rules, nor any facts or arguments presented by the United States. The Hoopa Plaintiffs strongly oppose an indefinite stay as requested by the United States.

No assertion made in the United States' Motion supports an indefinite stay. Such a stay is not authorized by this Court's rules. While this Court may issue a stay to ensure compliance with a discovery order, RCFC 37(b)(2)(C), when a defendant simply has an interest in delaying plaintiff's case, such a stay is inappropriate because it could operate to defendant's advantage. *E.g., Bell v. United States*, 31 F.R.D. 32, 36 (D. Kan. 1962) (district court denied motion for order staying proceedings, based on defendant's failure to comply with order to produce records, noting that stay would serve no purpose pursuant to circumstances). Such is the advantage that the United States so baldly seeks here.

In addition to the absence of legal authority for a stay as requested by the United States, none of the United States' enumerated arguments support grant of an indefinite stay.

1. The fact that the United States' response to the Hoopa Motion is currently due (May 5, 2008) before its answer is due (June 2, 2008) is simply the result of the United States' own scheduling actions. Counsel for the United States requested and obtained an unopposed extension of time to answer or otherwise move in response to the complaint; Schlosser Decl., ¶ 2, however, she did not seek a similar extension to respond to the Hoopa Motion. This scheduling does not warrant the indefinite stay sought by the United States.

2. The United States states that it is considering whether to bring the Yurok Tribe into the proceedings. It was already doing so on March 24, 2008. Schlosser Decl., ¶ 2. The process for doing so appears simple. *See* RCFC 14 (allowing the United States to summon any

third person against whom the United States may be asserting a claim or contingent claim). The United States' motion fails to explain why such a motion is complex and why it is relevant to a stay on the Hoopa Motion. Most importantly, the United States fails to explain why its decision whether to bring the Yurok Tribe into this suit, which is necessarily secondary to any jurisdictional issue, justifies staying briefing on the Hoopa Motion and any jurisdictional motion brought by the United States.

3. The United States "may address jurisdictional issues in a Motion to Dismiss." RCFC 12 allows such a response to a complaint and incorporates the possibility of briefing such a motion in connection with a motion under RCFC 56. Under the circumstances, any such motion by the United States should be filed as a cross-motion and combined in the same document with its response to the Hoopa Motion under RCFC 56, as provided in RCFC 7.2(c) and (e). As described below, judicial economy will be served, and the Court's task will be simplified, by considering the motions concurrently. However, the United States' musings about the possibility of it briefing a jurisdictional—and purely legal—defense under Rule 12 do not support its motion for an indefinite stay.

4. Nor is the United States' assertion that it allegedly "has not yet had an opportunity to fully develop its case," a basis for granting an indefinite stay. Indeed, every defendant could obtain an indefinite stay if this were the standard, as no defendant has "had an opportunity to fully develop its case" prior to answering. In this case, the United States' allegation is misleading in addition to being overbroad: the United States is thoroughly familiar with the legal questions presented by this case. While current counsel of record may not have been involved in the United State's previous consideration of the issues in this case, other counsel in the Department of Justice and the Department of the Interior Solicitor's Office have been

extensively involved in this matter throughout 2006 and early 2007. Schlosser Decl., ¶¶ 4-9. The United States and representatives of the Hoopa and Yurok Tribes held a number of meetings and exchanged documents during March through June 2006. *Id.* These discussions dealt specifically with the effect of *Short v. United States* and provisions of the Hoopa-Yurok Settlement Act on the United State's then-proposed course of action. *E.g., id.*, ¶ 7. Ultimately, on March 1, 2007, Special Trustee for American Indians, Ross O. Swimmer, announced that the United States' decision was made "after careful consideration." *Id.*, ¶ 8.

5. The United States made the underinclusive per capita distribution that is the focus of this case mere weeks before the Hoopa Plaintiffs filed this suit. Any argument that the Hoopa Plaintiffs unreasonably delayed filing is factually erroneous and is a red herring argument irrelevant to whether an indefinite stay is warranted. The United States laments that the Hoopa Plaintiffs "waited until February 2008 to file their suit." As set forth in the Hoopa Motion, the complaint was filed barely two weeks after the Interior Department distributed undisputed trust funds in an underinclusive and unlawful per capita distribution to fewer than all of the entitled Indians of the former Hoopa Valley Reservation. Hoopa Mot. at 2. It cannot be disputed that the trust funds that the Interior Department individualized in 2008 derived from resources of the former Hoopa Valley Reservation <u>prior</u> to passage of the Hoopa-Yurok Settlement Act. These funds were the subject of litigation between the United States, many of the members of the Yurok Tribe,[2] and the Hoopa Valley Tribe in *Short v. United States*, CFC No. 63-102. The United States is well aware that it is the individualized per capita distribution, not the United States' purported release of funds to the Yurok Tribe, that triggers the United States' liability in this suit. *E.g., Short II*, 661 F.2d 150, 155 (Ct. Cl. 1981) ("individuals whom the Secretary arbitrarily excluded from per capita distributions have the right to recover); *Short III*, 719

[2]Approximately 1800 members of the Yurok Tribe are plaintiffs in *Short.*

F.2d 1133, 1137 (Fed. Cir. 1983) (plaintiffs who are proper beneficiaries "have a right to sue for the parts of those funds improperly distributed to others or illegally withheld from those claimants"; emphasis added); *Short IV*, 12 Cl. Ct. 36, 38 (1987) ("All 'Indians of the Reservation' were held entitled to receive payments, and the discriminatory distributions of the proceeds of the timber sales (and other Reservation income) constituted a breach of the government's fiduciary duties with respect to the qualified plaintiffs"); *Short VII*, 50 F.3d 994, 1000 (Fed. Cir. 1995) ("[T]he Secretary's actions in making per capita payments only to Hoopa Valley Tribe members were unauthorized.").

6. The United States also states that it needs additional time to consider "issues such as whether discovery might be necessary." That assertion does not satisfy the requirement for a continuance, let alone an indefinite stay, under RCFC 56(f). That rule authorizes a continuance to permit affidavits to be obtained or discovery to be had where it appears "from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition." The United States makes no such claim nor can it properly do so. Discovery is not necessary to determine the legal questions of whether a trust exists and whether the United States has breached it by issuing an underinclusive per capita payment from revenues derived from the former Hoopa Valley Reservation prior to passage of the HYSA. The purpose of a summary judgment motion is to determine whether a genuine issue of material fact exists. The answer to that inquiry—and a grant of a stay to allow discovery under RCFC 56(f)--cannot be made from the United States' unsupported motion.

7. The imminent delivery date of the United States' current counsel of record is no basis for an indefinite stay. It strains credibility that counsel for the United States was not aware of her due date when she received assignment of this matter, and when, on March 24, 2008, she

requested and received an extension of time to answer. Schlosser Decl., ¶ 2. However, she did not mention her imminent due date at that time nor did her request for extension of time to answer take these scheduling issues into account. *Id.* The United States' decision to assign counsel in her third trimester of pregnancy to enter an appearance in this matter cannot subsequently be used to justify an indefinite stay. Nor can the United States' assignment of this matter to an attorney who is in trial during the period for answering and responding to the Hoopa Motion. The United States' request for an indefinite stay is not support by the law nor the facts, and it certainly should not be justified by the United States' deliberate scheduling and assignment decisions. The United States' assignment to this matter of two attorneys who are unavailable to answer and respond to the Hoopa Motion should not be allowed to indefinitely deprive the Hoopa Plaintiffs of the just and expeditious resolution of their claims arising from the United States' breach of trust.

8. Hoopa Plaintiffs do agree that a specific and modest extension of time for the United States to respond to the Hoopa Motion is fair and appropriate. Hoopa Plaintiffs respectfully suggest that the United States' response be due on June 2, 2008, so that its responses to the complaint and jurisdictional concerns, if any, can be presented and efficiently briefed.

Respectfully submitted this 1st day of May, 2008.

s/ Thomas P. Schlosser
Thomas P. Schlosser
Attorney of Record for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2008, a copy of, Opposition to Motion to Stay Briefing on Plaintiffs' Motion for Partial Summary Judgment, was electronically sent via the CM/ECF system by the United States Court of Federal Claims on the following party:

Devon Lehman McCune
Email: devon.mccune@usdoj.gov

s/ Thomas P. Schlosser____________________
Thomas P. Schlosser, Attorney of Record
MORISSET, SCHLOSSER, JOZWIAK & McGAW
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322
t.schlosser@msaj.com

T:\WPDOCS\0020\09561\Pleadings\MotStayBriefingMotPSJ 042808_05.doc
nmc:5/1/08