# United States Department of the Interior

OFFICE OF HEARINGS AND APPEALS
INTERIOR BOARD OF INDIAN APPEALS
801 NORTH QUINCY STREET
SUITE 300
ARLINGTON, VA 22203

| | | |
|---|---|---|
| HOOPA VALLEY TRIBE, Appellant, | : | Order Docketing and Dismissing Appeal |
| v. | : | |
| SPECIAL TRUSTEE FOR AMERICAN INDIANS, DEPARTMENT OF THE INTERIOR, Appellee. | : | Docket No. IBIA 07-90-A |
| | : | March 27, 2007 |

On March 26, 2007, the Board of Indian Appeals (Board) received a notice of appeal from the Hoopa Valley Tribe (Hoopa Tribe), seeking review of decisions dated March 1, 2007, and March 21, 2007, issued by the Special Trustee for American Indians, Department of the Interior (Special Trustee; Department). 1/ In the March 1 decision, the Special Trustee announced that the Department has concluded that it could distribute remaining funds from the Hoopa-Yurok Settlement Fund (Settlement Fund) to the Yurok Tribe administratively, if the Yurok Tribe were to submit a new waiver of claims pursuant to the 1988 Hoopa-Yurok Settlement Act, 25 U.S.C. §§ 1300i to 1300i–11 (Settlement Act). In the March 21 decision, the Special Trustee accepted a resolution from the Yurok Tribal Council as a waiver of claims that meets the requirements of the Settlement Act, and stated that the Department intends to distribute to the Yurok Tribe the funds still held by the Department pursuant to the Act, including the remaining balance of the Settlement Fund.

We docket this appeal but dismiss it because the Board lacks jurisdiction to review these decisions of the Special Trustee.

The Hoopa Tribe's notice of appeal relies on three separate regulatory provisions as grounds for invoking the Board's jurisdiction to review the Special Trustee's decisions:

---

1/ Each decision is addressed jointly to the Chairman of the Hoopa Tribe and the Chairperson of the Yurok Tribe.



03/27/2007 16:10 FAX 703 235 3816 DOI-IBIA 002

(1) 43 C.F.R. § 4.2(b)(2)(ii), which is one of the provisions in the regulations of the Office of Hearings and Appeals describing the Board's jurisdiction to review certain matters; (2) 25 C.F.R. § 2.4(e), which describes the Board's jurisdiction over decisions by officials of the Bureau of Indian Affairs (BIA) and within the Office of the Assistant Secretary - Indian Affairs; and (3) 25 C.F.R. Part 1200, which provides the Board with jurisdiction over the denial of a tribe's request under Section 202 of the American Indian Trust Fund Management Reform Act of 1994 (Reform Act), 25 U.S.C. § 4022, to withdraw funds currently held in trust by the Department and to remove them from Federal trust status. We address each ground in turn, but conclude that none provides a basis for our jurisdiction over this appeal.

Subsection 4.2(b)(2)(ii) of 43 C.F.R. describes the Board's jurisdiction to include, in relevant part for this case, "such other matters pertaining to Indians as are referred to it by the Secretary, the Director of the Office of Hearings and Appeals, or the Assistant Secretary - Indian Affairs for exercise of review authority of the Secretary." None of these officials has purported to refer this matter to the Board. Nor (assuming he has delegated authority to do so) has the Special Trustee referred it: the Special Trustee's decisions contain no language granting a right of appeal to the Board. Therefore, subsection 4.2(b)(2)(ii) does not serve as a basis for the Board's jurisdiction over the Hoopa Tribe's appeal.

Subsection 2.4(e) of 25 C.F.R. provides that the Board has jurisdiction over appeals from decisions made by an Area (now Regional) Director or a Deputy to the Assistant Secretary - Indian Affairs, other than the Deputy to the Assistant Secretary - Indian Affairs for Indian Education Programs. The Special Trustee falls within none of the categories of officials over whose decisions the Board has jurisdiction under subsection 2.4(e). The Special Trustee reports directly to the Secretary of the Interior. 25 U.S.C. § 4042(a).

The Hoopa Tribe notes that the Board has exercised jurisdiction over a dispute involving the Office of the Special Trustee, citing California Trust Reform Consortium v. Director, Office of Trust Funds Management, Office of the Special Trustee for American Indians, 33 IBIA 257 (1999). That case, however, arose under the Indian Self-Determination and Education Assistance Act (ISDA). The ISDA regulations do expand the Board's jurisdiction to include certain ISDA decisions made by officials outside of BIA or the Office of the Assistant Secretary - Indian Affairs, see 25 C.F.R. Parts 900 and 1000. But the Special Trustee's decisions at issue here were not made pursuant to ISDA, nor does the Hoopa Tribe contend that they were, and thus neither California Trust Reform Consortium nor the ISDA regulations provide grounds for our jurisdiction.



03/27/2007 16:10 FAX 703 235 3816 DOI-IBIA 003

Finally, the Hoopa Tribe's notice of appeal identifies 25 C.F.R. Part 1200 as a basis for the Board's jurisdiction. We disagree. Part 1200 was promulgated to implement a provision in the Reform Act that allows a tribe to withdraw from Federal trust status tribal funds that are held and administered by the Department in trust for a tribe. Part 1200 does afford a right of appeal to the Board from a denial of a request or failure by the Secretary or his designee to approve a tribe's application to withdraw its funds from Federal trust status. See 25 C.F.R. § 1200.21; see also id. § 1200.3(b) (describing Reform Act provisions implemented by Part 1200). The Special Trustee's decisions, however do not purport to be taken pursuant to 25 C.F.R. Part 1200, nor do we think they can be so characterized.

Instead, what the two decisions and the notice of appeal and supporting documentation indicate, and what the Hoopa Tribe itself acknowledges, is that the Special Trustee's decisions were made pursuant to the Department's administration of the Settlement Act, and constitute a determination that the Yurok Tribe is entitled to the remaining monies in the Settlement Fund. See Notice of Appeal at 44 (Special Trustee "purport[ed] to unilaterally and administratively allocate the balance of the Settlement Fund" and distribute it to the Yurok Tribe). The fact that the Hoopa Tribe at one time may have suggested an allocation of the remaining funds by dividing them equally between the Hoopa Tribe and the Yurok Tribe, id. at 3, does not mean, as the Hoopa Tribe apparently contends, that the Special Trustee's decision to distribute all of the remaining funds to the Yurok Tribe amounts to a "denial" of the Hoopa Tribe's request to withdraw funds currently held in trust on its behalf from Federal trust status. None of the documents submitted with the notice of appeal suggest that the Special Trustee was acting, or failing to act, on an application submitted by Hoopa Tribe pursuant to 25 C.F.R. § 1200.13, to remove its funds from Federal trust status pursuant to the Reform Act. This fact is underscored by the Hoopa Tribe's assertion that in this appeal it does not seek a share of the remainder of the Settlement Fund. Notice of Appeal at 5-6. Thus, we conclude that 25 C.F.R. Part 1200 does not provide grounds for the Board to assert jurisdiction over this appeal. 2/

---

2/ The notice of appeal also contends that the Special Trustee did not have authority to issue a final decision for the Department. Whether or not that is the case, it does not affect our jurisdictional analysis. For decisions that are subject to the Board's review, such as those of a BIA Regional Director, the decision maker cannot make his or her decision final for the Department simply by declaring it so. Citation Oil & Gas, Ltd. v. Acting Billings Area Director, 21 IBIA 75, 85 n.14 (1991). But it does not follow that the absence of authority by an official to render a final decision for the Department necessarily vests the Board with review authority. We must still look to some regulatory provision or referral as the source of our jurisdiction.

Therefore, pursuant to the authority delegated to the Board of Indian Appeals by the Secretary of the Interior, 43 C.F.R. § 4.1, the Board dockets but dismisses this appeal for lack of jurisdiction. 3/

I concur:

Steven K. Linscheid
Chief Administrative Judge

Debora G. Luther
Administrative Judge

---

3/ Because we lack jurisdiction over this appeal, we do not consider the Hoopa Tribe's Petition for Stay Pending Appeal, which was filed with its notice of appeal.



03/27/2007 16:11 FAX 703 235 3816 DOI-IBIA 005