IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOOPA VALLEY TRIBE, et al., | ) | Case No. 08-72TCW |
| Plaintiffs, | ) | Judge Thomas C. Wheeler |
| v. | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Defendant. | ) | |
| ________________________________________ | ) | |

**DEFENDANT'S COMBINED RESPONSE TO PLAINTIFFS' PROPOSED FINDINGS OF UNCONTROVERTED FACT AND DEFENDANT'S ADDITIONAL PROPOSED FINDINGS OF UNCONTROVERTED FACT**

In accordance with RCFC 56(h)(1), Defendant, the United States of America ("Defendant"), sets forth the following response to Plaintiff Hoopa Valley Tribe, et al. ("Plaintiffs") Proposed Findings of Uncontroverted Fact.

1. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

2. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

3. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

4. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its

contents.

5. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

6. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

7. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

8. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

9. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 12 Ct. Cl. 36 (1987) (*Short IV*), which speaks for itself and is the best evidence of its contents.

10. Disputed, in part. Defendant avers that the term "substantial" is ambiguous; Defendant does not dispute the assertions set forth in the remainder of this paragraph.

11. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its

contents.

12. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

13. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

14. Defendant does not dispute that the first and third sentence of this paragraph summarize the *Short v. United States* litigation, which speaks for itself and is the best evidence of its contents. Defendant does not dispute that the second sentence of this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

15. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 202 Ct. Cl. 870 (1973), which speaks for itself and is the best evidence of its contents.

16. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 719 F.2d 1133 (Fed. Cir. 1983) (*Short III*), which speaks for itself and is the best evidence of its contents. Defendant, however, avers that none of the facts or legal conclusions alleged in the paragraph are material to the instant dispute, because Congress specifically established a new funding distribution scheme in the Hoopa-Yurok Settlement Act (the "1988 Act"), Pub. L. 100-580.

17. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 719 F.2d 1133 (Fed. Cir. 1983) (*Short III*), which speaks for itself and is the best evidence of its contents. Defendant, however, avers that none of the facts or legal conclusions alleged in the paragraph are material to the instant dispute, because Congress specifically established a new funding distribution scheme in the 1988 Act.

18. Defendant does not dispute that this paragraph quotes a portion of *Short v. United States*, 12 Ct. Cl. 36 (1987) (*Short IV*), which speaks for itself and is the best evidence of its contents. Defendant, however, avers that none of the facts or legal conclusions alleged in the paragraph are material to the instant dispute, because Congress specifically established a new funding distribution scheme in the 1988 Act.

19. Disputed. Defendant avers that none of the facts or legal conclusions alleged in the paragraph are material to the instant dispute, because Congress specifically established a new funding distribution scheme in the 1988 Act.

20. Defendant does not dispute that this paragraph quotes a portion of Senate Report, S. Rep. 100-564 (Sept. 30, 1988), which speaks for itself and is the best evidence of its contents.

21. Defendant does not dispute that this paragraph references the 1988 Act, which speaks for itself and is the best evidence of its contents.

22. Defendant does not dispute that this paragraph quotes a portion of the 1988 Act, which speaks for itself and is the best evidence of its contents.

23. Defendant does not dispute that this paragraph quotes a portion of the 1988 Act,

which speaks for itself and is the best evidence of its contents.

24. Defendant does not dispute that this paragraph quotes a portion of Senate Report, S. Rep. 100-564 (Sept. 30, 1988), which speaks for itself and is the best evidence of its contents.

25. Defendant does not dispute that this paragraph references a memorandum from the Acting Director, Office of Tribal Services to the Superintendent of the Northern California Agency of the Bureau of Indian Affairs, which speaks for itself and is the best evidence of its contents. Defendant, however, avers that none of the facts or legal conclusions alleged in the paragraph are material to the instant dispute.

26. Defendant does not dispute that this paragraph references a portion of the 1988 Act, which speaks for itself and is the best evidence of its contents. Defendant further avers that the statute of limitations to bring individual claims expired on September 16, 1991. Pls.' Mot., Ex. 11 [Notice of Settlement Option Deadline, 56 Fed. Reg. 22998 (May 17, 1991)].

27. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

28. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

29. Defendant does not dispute that this paragraph quotes a portion of the 1988 Act, which speaks for itself and is the best evidence of its contents.

30. Disputed, in part. Defendant avers that none of the facts alleged in the first sentence of the paragraph are material to the instant dispute. Defendant disputes the assertion that the Yurok Tribe's waiver had to be made specifically by the Interim Council of the Yurok Tribe. The Committee changed a reference from Yurok General Council to the Interim Council in one provision, 25 U.S.C. 1300i-8(a)(1). This provision relates to the membership roll of the Yurok, not the waiver provision, although the section then cross-references the waiver provision. The Committee, however, did not explain the change. The change can just as easily be interpreted as empowering the congressionally established Interim Council with an additional, limited power and not divesting the Yurok General Council of its ability to waive claims as a sovereign entity.

31. Defendant does not dispute that this paragraph references 53 Fed. Reg. 49361, which speaks for itself and is the best evidence of its contents.

32. Defendant does not dispute that this paragraph references and quotes a portion of 53 Fed. Reg. 49361, which speaks for itself and is the best evidence of its contents. Defendant further avers that the 1988 Act expressly required the waiver of any claim challenging the Act as effecting a taking or otherwise providing inadequate compensation including those of the Hoopa as a tribe or as individuals. 25 U.S.C. §§ 1300i-11(a), (b)(1)-(2).

33. Defendant does not dispute that this paragraph quotes a portion of Senate Report, S. Rep. 100-564 (Sept. 30, 1988), which speaks for itself and is the best evidence of its contents.

34. Disputed, in part. Defendant does not dispute the first sentence of paragraph 24. Defendant disputes the assertion that the statute of limitations referenced in Notice of Statute of Limitation for Certain Claims, 56 Fed. Reg. 22998 (May 17, 1991) pertained only to filing suit questioning the constitutionality of the Settlement Act. The notice stated that:

> Any claim by a person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, challenging the partition of the joint reservation under section 2 of the Settlement Act or any other provision of the Act as having effected a taking under the fifth amendment of the United States Constitution or as otherwise having provided inadequate compensation shall be forever barred if not brought by the date determined in accordance with the provisions of section 14.

56 Fed. Reg. 22998.

35. Defendant does not dispute that this paragraph references correspondence from the Superintendent of the Northern California Agency of the Bureau of Indian Affairs, which speaks for itself and is the best evidence of its contents.

36. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

37. Defendant does not dispute that this paragraph references a memorandum from the Assistant Solicitor, Branch of General Indian Legal Activities to the Area Director of the Sacramento Area Office of the Bureau of Indian Affairs, which speaks for itself and is the best evidence of its contents.

38. Defendant does not dispute that this paragraph references a memorandum from the Assistant Solicitor, Branch of General Indian Legal Activities to the Area Director of the Sacramento Area Office of the Bureau of Indian Affairs, which speaks for itself and is the

best evidence of its contents.

39. Defendant does not dispute that this paragraph references a memorandum from the Assistant Solicitor, Branch of General Indian Legal Activities to the Area Director of the Sacramento Area Office of the Bureau of Indian Affairs, which speaks for itself and is the best evidence of its contents.

40. Defendant does not dispute that this paragraph references the 1988 Act, which speaks for itself and is the best evidence of its contents.

41. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

42. Disputed, in part. Defendant disputes that the cited document provides information regarding the allegations made in the first sentence of this paragraph. Defendant does not dispute that the second sentence of this paragraph quotes a portion of the complaint filed in *Yurok Indian Tribe v. United States*, No. 92-CV-173 (Ct. Cl.), which speaks for itself and is the best evidence of its contents.

43. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents. Defendant further avers that in this correspondence, the Assistant Secretary – Indian Affairs states "[w]e have not made a final determination concerning the legal status of these funds in the absence of a Yurok tribal resolution waiving claims against the United States . . . ." Pls.' Mot., Ex. 18 [Letter of Assistant Secretary – Indian Affairs to Honorable Dale Risling, Sr. (April 13, 1992)], App. 177.

44. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Acting Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents. Defendant further avers that in this correspondence, the Assistant Secretary – Indian Affairs states "[w]e have not made any final determination concerning the legal status of the funds that remain in the Hoopa-Yurok Settlement Fund, and what will happen to them in the absence of a Yurok tribal resolution waiving claims against the United States." Pls.' Mot., Ex. 19 [Letter of Assistant Secretary – Indian Affairs to Honorable Richard Haberman (April 15, 1992)], App. 179.

45. Defendant does not dispute that this paragraph quotes a portion of correspondence from Susie L. Long, Vice-Chair, Interim Tribal Council, which speak for itself and is the best evidence of its contents.

46. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents. Defendant further avers that on March 14, 1995, after considering correspondence from the Yurok Tribal Council, the Department acknowledged the authority of this entity to make the requisite waiver pursuant to the 1988 Act. Pls.' Mot., Ex. 23 [Letter of Assistant Secretary – Indian Affairs to Susie L. Long (Mar. 14, 1995)], App. 188.

47. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents. Defendant further avers that on March 14, 1995, after considering correspondence from the Yurok Tribal Council, the Department

acknowledged the authority of this entity to make the requisite waiver pursuant to the 1988 Act. Pls.' Mot., Ex. 23, App. 188.

48. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents.

49. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents.

50. Defendant does not dispute that this paragraph quotes a portion of correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents.

51. Defendant does not dispute that this paragraph references *Karuk Tribe of California v. United States*, 41 Fed. Cl. 468 (1998), *aff'd*, 209 F.3d 1366 (Fed. Cir. 2000), which speaks for itself and is the best evidence of its contents.

52. Defendant does not dispute that this paragraph references the Department's Section 14(c) Report (March 15, 2002), which speaks for itself and is the best evidence of its contents.

53. Defendant does not dispute that this paragraph references the Department's Section 14(c) Report (March 15, 2002), which speaks for itself and is the best evidence of its contents. Defendant, however, avers that this statement referred to the status of the 1993 waiver provided by the Yurok Interim Council. Pls.' Mot., Ex. 30 [Letter of Special

Trustee for American Indians to Clifford Lyle Marshall (Mar. 21, 2007)], App. 373.

54. Defendant does not dispute that this paragraph quotes a portion of the Department's Section 14(c) Report (March 15, 2002), which speaks for itself and is the best evidence of its contents. Defendant, however, avers that the possibility of the Yurok Tribal Council providing a new, unconditional waiver was not discussed, at this time. Pls.' Mot., Ex. 30, App. 373. Defendant further avers that this paragraph does not set forth the entirety of the Department's recommendations regarding the Settlement Fund. *See* Pls.' Mot., Ex. 24 [Letter of Assistant Secretary-Indian Affairs to Hon. J. Dennis Hastert Regarding Department's Section 14 (c) Report (March 15, 2002)], App. 194-95.

55. Defendant does not dispute that this paragraph references testimony given by the Assistant Secretary – Indian Affairs, which speaks for itself and is the best evidence of its contents. Defendant avers that the Assistant Secretary – Indian Affairs further stated in its congressional testimony, "the Hoopa . . . already received its portion of the benefits under the Act and is not entitled to further distributions from the [] Fund [.]" Pls.' Mot., Ex. 25 [Committee on Indian Affairs, United States Senate, Oversight Hearing on the Hoopa-Yurok Settlement Act, S. Hrg. 107-648 (Aug. 1, 2002)], App. 337. Defendant, however, avers that the possibility of the Yurok Tribal Council providing a new, unconditional waiver was not discussed, at this time. Pls.' Mot., Ex. 30, App. 373.

56. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

57. Defendant avers that none of the facts alleged in the paragraph are material to the

instant dispute.

58. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

59. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

60. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute.

61. Disputed. Defendant avers that Plaintiffs have provided insufficient evidence to support the assertion contained in this paragraph.

62. Defendant does not dispute that this paragraph references and quotes a portion of correspondence from the Special Trustee for American Indians, which speak for itself and is the best evidence of its contents.

63. Defendant does not dispute that this paragraph references and quotes a portion of correspondence from the Special Trustee for American Indians, which speak for itself and is the best evidence of its contents.

64. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute. Defendant further avers that the 1988 Act allowed the Yurok Tribe to make per capita distributions to their members after ten years had lapsed from the division of the funds make pursuant to the Act. 25 U.S.C. § 1300i-6(b).

65. Defendant does not dispute that this paragraph references correspondence from the

Special Trustee for American Indians and the Office of Special Trustee, which speak for themselves and are the best evidence of their contents.

66. Defendant does not dispute that this paragraph references Resolution of Yurok Tribal Council No. 07-41 and a facsimile sent to the Office of Trust Funds Management, which speak for themselves and are the best evidence of their contents.

67. Defendant avers that none of the facts alleged in the paragraph are material to the instant dispute. Defendant further avers that the referenced statement was made after the "IBIA ha[d] already dismissed the Tribe's appeal of this matter, concluding that it did not have jurisdiction." Pls.' Mot., Ex. 35 [Letter of Deputy Solicitor to Clifford Lyle Marshall (Apr. 20, 2007)], App. 395.

68. Defendant does not dispute that this paragraph references correspondence from the Assistant Secretary – Indian Affairs, which speak for itself and is the best evidence of its contents.

69. Disputed. Defendant disputes that the document cited in support of this assertion establishes that each of approximately 5200 members of the Yurok Tribe received $15,652.89, a total of approximately $80 million. Defendant also avers that none of the facts alleged in the paragraph are material to the instant dispute. Defendant further avers that the 1988 Act allowed the Yurok Tribe to make per capita distributions to their members after ten years had lapsed from the division of the funds make pursuant to the Act. 25 U.S.C. § 1300i-6(b).

**DEFENDANT'S ADDITIONAL PROPOSED FINDINGS OF UNCONTROVERTED FACT**

In accordance with RCFC 56(h)(1), Defendant sets forth the following Additional Proposed Findings of Uncontroverted Fact.

70. The 1988 Act had three general objectives: (1) to provide for formal Yurok organization; (2) to partition the joint reservation between the Hoopa and Yurok; and (3) to distribute equitably between the two Tribes the trust funds derived from the joint reservation's resources. 25 U.S.C. §§ 1300i-1, 1300i-3; Pls.' Mot., Ex. 6 [Senate Report, S. Rep. 100-564 (Sept. 13, 1988)], App. 97, 102.

71. In enacting the 1988 Act, Congress specifically intended to preclude the "individualization of tribal communal assets…that conflict with the general federal policies and laws favoring recognition and protection of tribal property rights[.]" Pls.' Mot., Ex. 6, App. 79.

72. In enacting the 1988 Act, Congress did "not believe that th[e] legislation, as a prospective settlement of this dispute, is in any way in conflict with the law of the case in the *Short* cases." Pls.' Mot., Ex. 6, App. 96. Congress, however, stated that "to the extent there is such a conflict, it is intended that this legislation will govern." *Id*.

73. To effectuate the partition of the joint reservation, the 1988 Act required the Hoopa Valley Tribe to pass a resolution that consented "to the contribution of Hoopa Escrow monies to the Settlement Fund, and for their use as payments to the Yurok Tribe and to individual Yuroks" under the Act. 25 U.S.C. § 1300i-1 (a)(2)(A).

74. The 1988 Act also required the Hoopa Valley Tribe to "waive [ ] any claim such

tribe may have against the United States arising out of the provisions of the subchapter….” 25 U.S.C. § 1300i-1 (a). As directed by its members, and set forth in a tribal resolution, the Hoopa Valley Tribe did waive any claims against the United States arising from the 1988 Act and consented to the use of Hoopa monies as part of the Settlement Fund. Pls.' Mot., Ex. 8 [Notice Regarding Hoopa Valley Tribe Claim Waiver, 53 Fed. Reg. 49361 (Dec. 7, 1988)], App. 333.

75. An individual entitlement was recognized in the 1988 Act for those Indians of the former joint reservation who chose not to become a member of either the Hoopa Valley Tribe or the Yurok Tribe. An opt-out provision included in the Act entitled such individuals to a one time lump sum payment of $15,000. 25 U.S.C § 1300i-5(d).

76. The 1988 Act specified that those Indians of the former joint reservation electing membership in the Hoopa Valley Tribe "shall no longer have any right or interest whatsoever in the tribal, communal, or unallotted land, property, resources, or rights of the Yurok Indian Reservation or the Yurok Tribe or in the Settlement Fund." 25 U.S.C § 1300i-5 (b)(4).

77. The 1988 Act specified that:

> Any such claim by any person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, shall be forever barred if not brought within the later of 210 days from the date of the partition of the joint reservation as provided in section 1300i-1 of this title or 120 days after the publication in the Federal Register of the option election date as required by section 1300i-5(a)(4) of this title.

25 U.S.C. § 1300i-11(b)(1).

78. The Notice of Statute of Limitation for Certain Claims, 56 Fed. Reg. 22998 (May 17,

1991) stated that:

> Any claim by a person or entity, other than the Hoopa Valley Tribe or the Yurok Tribe, challenging the partition of the joint reservation under section 2 of the Settlement Act or any other provision of the Act as having effected a taking under the fifth amendment of the United States Constitution or as otherwise having provided inadequate compensation shall be forever barred if not brought by the date determined in accordance with the provisions of section 14.

Pls.’ Mot., Ex. 11.

79. The BIA published the option election date on May 17, 1991. Pls.’ Mot., Ex. 10 [Notice of Settlement Option Deadline, 56 Fed. Reg. 22998 (May 17, 1991)]. Consequently, the statute of limitations to bring individual claims expired on September 16, 1991. Pls.’ Mot., Ex. 11.

80. In the 1988 Act, Congress defined the Hoopa Valley Tribe’s share of the Settlement Fund based on the percentage of Hoopa members divided by the total number of persons on the Settlement Roll. 25 U.S.C. § 1300i-3( c); *see also id.* at §§ 1300i-4, 1300i-5(b).

81. In the 1988 Act, Congress specified that “the Secretary shall pay out the Settlement Fund into a trust account for the benefit of the Yurok Tribe …” a percentage of the Settlement Fund. 25 U.S.C. § 1300i-3(d). The statute directed this task to be completed “[e]ffective with the publication of the option election date pursuant to section 1300i-5(a)(4).” *Id.*; *see also* Pls.’ Mot., Ex. 10.

82. In the 1988 Act, Congress provided that “[a]ny funds remaining” after specified payments to certain individuals “shall be paid to the Yurok Tribe and shall be held by the Secretary in trust for such tribe.” 25 U.S.C. § 1300i-6(a).

83. The 1988 Act allowed the Yurok Tribe to make *per capita* distributions to their members after ten years had lapsed from the division of the funds made pursuant to the Act. 25 U.S.C. § 1300i-6 (b). The division of the funds occurred between 1988 and 1991. Pls.' Mot., Ex. 13 [Memorandum to Area Director Regarding Distribution of Funds (Aug., 22, 1991)].

84. In the 1988 Act, Congress amended 25 U.S.C. § 407 and established that proceeds from timber are to be used only by the tribe rather than by individual members of the tribe. Pub. L. No. 100-580, § 13.

85. Congress estimated the equitable distribution of the Settlement Fund to be roughly one-third to the Hoopa Valley Tribe and then one-third plus the remainder (after specified individual payments) to the Yurok Tribe. Pls.' Mot., Ex. 6, App. 96-97, 102.

86. Including certain interim payments and the final distribution in 1991, the Hoopa Valley Tribe received $34,006,551.87, the amount determined to be its share of the Fund pursuant to the 1988 Act. Pls.' Mot., Ex. 13, App. 152-53.

87. The Department of the Interior stated in its congressional testimony before the Senate Indian Affairs committee that "the Hoopa … already received its portion of the benefits under the Act and is not entitled to further distributions from the [] Fund [.]" Pls.' Mot., Ex. 25, App. 337.

88. The Yurok Tribe requested that the Department of the Interior evaluate whether it might distribute the remainder of the Settlement Fund administratively. Pls.' Mot., Ex. 30 [Letter of Special Trustee for American Indians to Clifford Lyle Marshall (Mar. 1,

2007)], App. 372.

89. "The Yurok Tribe proposed[ed]…to provide the Department with a new, unconditional waiver of claims, a concept not proposed at the time of the 2002 [congressional] hearing." Pls.' Mot., Ex. 30, App. 373.

90. The Department of the Interior did not make *per capit*a distributions to Yurok tribal members. Pls.' Mot., Ex. 31; Pls. Mot., Ex. 34 [Resolution of Yurok Tribal Council No. 07-41 Regarding Distribution of Assets Held in Trust (April 19, 2007)], App. 394; Pls. Mot., Ex. 38 [Letter of Deputy Special Trustee – Trust Services to SEI Private Trust Company Regarding Free Delivery of Hoopa-Yurok Settlement Account (April 20, 2007)).

Respectfully submitted this day of July 22, 2008,

RONALD J. TENPAS
Assistant Attorney General

_____/s/ Sara E. Costello______

Sara E. Costello, Trial Attorney
Devon Lehman McCune, Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663