**Electronically Filed August 8, 2008**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOOPA VALLEY TRIBE, on its own behalf, and in its capacity as *parens patriae* on behalf of its members; Elton Baldy; Oscar Billings; Benjamin Branham, Jr.; Lila Carpenter; William F. Carpenter, Jr.; Margaret Mattz Dickson; Freedom Jackson; William J. Jarnaghan, Sr.; Joseph LeMieux; Clifford Lyle Marshall; Leonard Masten, Jr.; Danielle Vigil-Masten<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 08-72 L<br><br>Judge Thomas C. Wheeler |

**HOOPA PLAINTIFFS' RESPONSE TO RCFC 14(a)**
**MOTION FOR SUMMONS TO THIRD PARTY**

The Hoopa Valley Tribe and individual Hoopa plaintiffs hereby respond in opposition to Defendant's RCFC 14(a) Motion for Issuance of Summons to Third Party and Memorandum in Support, filed July 22, 2008. Hoopa Plaintiffs believe this Motion is premature and may bog the Court down in matters that are not yet ripe for analysis, causing additional delay to the proceedings on Hoopa Plaintiffs' April 2, 2008, Motion for Partial Summary Judgment on the question of the United States' breach of trust responsibility. Defendant's Motion should be denied without prejudice at this time.

The United States alleges that the Yurok Tribe has an interest in the subject matter of the pending lawsuit and accordingly Defendant now seeks to require the Yurok Tribe to become a party because, "[s]hould this Court find that the Hoopa Plaintiffs are correct, the United States would seek to recover the money paid to the Yurok." U.S. Mot. at 11. RCFC 14(a)(1) allows the Court to summon a third party against whom the United States may be asserting a contingent

claim.[1] The rule implements the broad authority provided by 41 U.S.C. § 114. However, while Hoopa Plaintiffs appreciate that the United States might acquire contingent claims against the Yurok Tribe, such future contingencies have not yet matured. The United States admits as much when it acknowledges that the Yurok Tribe should be joined because it "would allow the United States to recover the funds it has already distributed to the Yurok Tribe." U.S. Mot. at 11. Plainly, the United States would only need to recover something if Hoopa Plaintiffs' Motion for Partial Summary Judgment is granted. The legality of the 2007 "waiver" elicited from the Yurok Tribe by the Interior Department will have to be decided before reaching conclusions on the direct or contingent consequences of the United States' administrative apportionment. Since the Court's grant of the Hoopa Plaintiffs' Motion is a condition precedent to any alleged third party liability of the Yurok Tribe to the United States, there is no need for the Court to entertain the United States' Motion at this time. The United States may refile or the Court can reconsider the Motion "[s]hould this Court find that the Hoopa Plaintiffs are correct" on the breach of trust claims. *Id.* at 11. Adding the Yurok Tribe could only be necessary during the later phases of this case.

The United States' alleged potential claims against the Yurok Tribe are also subject to several other contingencies. Rarely can a trustee prevail on the theory that the beneficiary made him do wrong or violate the law. This issue of potential liability of a tribe or tribal members to the United States is illustrated by *Short v. United States*. There, following the *Short I* decision on liability to Indians of the Reservation excluded from per capita distributions of Joint Reservation

[1] Defendant has made several previous references in this case to the possibility of the Yurok Tribe joining the lawsuit, beginning with Ms. McCune's March 24, 2008 request for consent to an enlargement of time, but has filed nothing until now. *See* Declaration of Thomas P. Schlosser regarding the United States' Motion for Indefinite Stay, ¶ 2, filed May 1, 2008. The Yurok Tribe, of course, has been free to move to intervene in this action since the Complaint was filed on February 1, 2008, but evidently has not found the need to do so.

funds, "[t]he trial judge cautioned, generally and without intending to approve or disapprove any particular course of action, that any overpayments could lead to double or individual liability, once judgment is rendered." Mem. of Pretrial Conference held May 17, 1974 ¶ 14, *Short v. United States*, No. 102-63 (May 24, 1974) (attached as Ex. 44). Reacting to the potential liability issue, the United States, acting through the Area Director, partially impounded Reservation trust funds while allowing additional per capita payments to be made until the Assistant Secretary—Indian Affairs, in 1978, issued a message continuing a partial impoundment of Joint Reservation trust funds and permitting funding for essential organizational and administrative purposes of the tribes, but prohibiting per capita payments. App. 1 (Pls.' Ex. App. to Mot. & Mem. Supp. Summ. J); App. 8 (Nov. 20, 1978). Nevertheless, the damages decision of *Short IV*, 12 Cl. Ct. 36, 41-42 (1987), *aff'd*, 50 F.3d 994 (1995), ruled that the United States was liable for all of the per capita payments that occurred from Reservation trust funds after 1974. None of that liability was recovered from the Indians. As these previous proceedings show, even when liability is established, the United States' contingent claims against others are more likely to be grounded upon future uses of Settlement Funds which have not yet been expended in per capita payments than they are upon the 2008 per capita payments themselves.

For these reasons, prudence counsels that proceedings on Defendant's RCFC 14(a) Motion be held in abeyance pending completion of proceedings on Hoopa Plaintiffs' Motion for Partial Summary Judgment concerning liability. Such a course of action will allow the Yurok Tribe to seek to participate immediately if it wishes to move to intervene, without diverting this Court from decisions which clearly must precede any consideration of Defendant's contingent claims against the Yurok Tribe.

Respectfully submitted this 8th day of August, 2008.

MORISSET, SCHLOSSER, JOZWIAK & McGAW

*s/ Thomas P. Schlosser*_______________________
Thomas P. Schlosser, Attorney of Record
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322
t.schlosser@msaj.com

*Of Counsel:*

Rob Roy Smith, Attorney
ATER WYNNE, LLP
601 Union Street, Suite 1501
Seattle, WA 98101-3981
Tel: (206) 623-4711
Fax: (206) 467-8406
rrs@aterwynne.com
*Attorneys for the Plaintiff Hoopa Valley Tribe, et al.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 8, 2008, a copy of the Hoopa Plaintiffs' Response to RCFC 14(a) Motion for Summons to Third Party was electronically sent via the CM/ECF system by the United States Court of Federal Claims to the following party:

Devon Lehman McCune
Email: devon.mccune@usdoj.gov

Sara E. Costello
Email: Sara.costello@usdoj.gov

*s/ Thomas P. Schlosser*____________________
Thomas P. Schlosser, Attorney of Record
MORISSET, SCHLOSSER, JOZWIAK & McGAW
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322
t.schlosser@msaj.com

T:\WPDOCS\0020\09561\Pleadings\Hoopa Response to RCFC 14_File080808.DOC
nmc:8/6/08