IN THE UNITED STATES COURT OF CLAIMS

No. 102-63

(Filed May 24, 1974)

JESSIE SHORT et al.,

Plaintiffs

v.

THE UNITED STATES

Defendant

HOOPA VALLEY TRIBE et al.,

Intervenor

MEMORANDUM OF PRETRIAL CONFERENCE
HELD MAY 17, 1974

Present for plaintiffs: Harold C. Faulkner, Esq. and William C. Wunsch, Esq. For defendant: Herbert Pittle, Esq., Department of Justice, accompanied by Duard R. Barnes, Esq., Assistant Solicitor, Indian Division, Department of Interior, and William Wirtz, Esq., Office of the Solicitor, Department of Interior, Sacramento, California. For intervenor: Jerry C. Straus, Esq., Angelos A. Iadorola, Esq. and Alan P. Rubinstein, Esq., attorneys for intervenor, The Hoopa Valley Tribe, accompanied by Wesley L. Barker, Esq., counsel for The Hoopa Valley Tribe, Sacramento, California.

EXHIBIT 44

1. This conference is convened at the call of the trial judge. While counsel have agreed to attend, their participation is subject to a petition for rehearing of the denial of the petition for certibrari, now in process.

2. Counsel have met and are working on a form of questionnaire to be filled out by each plaintiff, to determine eligibility to share in distributions of proceeds of reservation timber sales. The questionnaire would be signed under penalties of perjury but not before a notary. Counsel will exchange drafts within 2 weeks, and comments on each others' drafts one week later. The questionnaire will contain questions proposed by all the parties.

3. Defendant and intervenor may either concede the admissibility of the answers by agreeing that the plaintiff if called would so testify, or, if convinced of the untruth or ambiguity of any answers, demand that the plaintiff appear to be cross-examined. Defendant and intervenor also reserve the right, even if admission of the answers in evidence is agreed to, to introduce contrary or supplementary evidence and to draw factual or legal conclusions from the questionnaire answers.

The trial judge will expect that if defendant or intervenor cannot agree, on the basis of a completed questionnaire, to the eligibility of the plaintiff, they will voice their doubts and objections to counsel for plaintiff, and make every effort to resolve the

...T OF CLAIMS

problem without a formal hearing, or, at least, to agree on a part of the matters in issue and limit their disagreement to a precise issue, framed for a hearing.

4. Intervenor advised that it had suggested an expedited briefing of the issues raised by the four cases ordered to be reargued. Plaintiffs wish, however, to proceed first with discovery.

5. On the subject of discovery, defendant and intervenor recognize their obligation to make full voluntary discovery. Plaintiffsshould present their requests in writing, clearly specifying what they wish.

6. The trial judge pointed out to counsel for the defendant that the plaintiff Yuroks, having been held to be Indians of the one reservation, are now entitled from the Government to more than it might owe to an ordinary litigation adversary. Defendant's position has changed from that of a defendant in an entirely adversary relation to plaintiffs to that of a stake-holder or trustee who should remain neutral as between plaintiffs and the members of the intervenor tribe and seek to be helpful to both of them. Defendant's position may thus be compared to that of a trustee of an intervivos trust, once a new group of persons has been held as a group, subject to proof of individual genealogy, equally entitled with those formerly receiving income, to be beneficiaries.

More specifically, the plaintiffs as individuals-- Yuroks of the reservation having been held to be Indians

OF CLAIMS

of the reservation—are owed by the trustee a duty of assistance in establishing their individual claims. This duty is no more, but no less than that owed to an individual Indian engaged in proving his individual entitlenment to a share in a distribution—whether under a statute or a judgment—for the benefit of the individual members of a tribe or group.

In the light of the defendant's failure in the past to recognize the rights of Yuroks of the reservation and, indeed, the denial of those rights, defendant owes the individual plaintiffs a special duty to assist them in recovering as expeditiously as possible their full rights, retrospectively. Performance of this duty may in some circumstances call for affirmative action by the United States through the Department of Interior and the Bureau of Indian Affairs. For instance, defendant should in the performance of this duty sympathetically consider requests for data whose collection and compilation will require some effort or expense or both, in circumstances where if an adversary made the request it would not be unfair to produce papers and put the burden of compilation on the party making the request.

7. Defendant stated that it has considered proposing that the identification of eligible plaintiffs be accomplished, to the extent possible, by the Department of Interior, as is done in cases of determining what individuals should share in a judgment for a tribe. Both intervenor and plaintiffs are opposed.

T OF CLAIMS

The trial judge noted that defendant has a duty, if it thinks any particular course is in the best interests of its wards and will advance the early and just disposition of the case, to propose it and support it. Defendant may wish to reconsider its position on this subject, in the light of the views expressed above and other views expressed at the conference, among them the comments of Assistant Solicitor Barnes as to the difficulties of any assumption by the Department of the Interior of responsibilities for supervising proof of eligibility. It should also be remembered that defendant has a duty to confess judgment where it is just to do so, and the question is really one of alternative methods of developing the facts calling for confessions of judgment in individual cases.

8. The trial judge inquired whether the parties could not agree, before distributing the questionnaire, on rules of eligibility. Intervenor responded that this is the question on which they proposed expedited briefing, and that their research has not yet been completed. Plaintiffs are opposed to agreement on rules at this time.

The trial judge appreciates that plaintiffs' counsel may not find it easy to agree to rules which may disqualify some of their clients. The suggestion as to agreement, now, on eligibility rules is nevertheless renewed, and directed primarily to defendant, which as trustee for all is obligated in equity to seek out those who are entitled, and should be in the forefront of the

COURT OF CLAIMS

effort to arrive at and to propose, either for adoption by the trial judge or, at least, for discussion and comment by the parties, a set of principles for determining eligibility, else the efforts devoted to the questionnaire will be wasted to an extent now avoidable.

9. A question was raised as to any duty on the part of plaintiffs' counsel to solicit evidence of possible entitlement of others than the named plaintiffs. The trial judge rules that there is no such duty. This is an action by some 3,000 Indians who are the named plaintiffs. Only party plaintiffs may recover a judgment. Questionnaires are to be distributed only to plaintiffs.

10. Plaintiffs' counsel should consult with the Clerk as to motions to substitute successors to plaintiffs who have died, and like matters. Counsel for intervenor and the Government are expected not to oppose such motions.

11. Questions were raised by plaintiffs' counsel as to the place, in the litigation on the entitlement of particular Yurok plaintiffs, of issues as to the propriety of the entitlement to receive distributions of particular Hoopas who have been receiving distributions. Such issues might arise in two ways; one would be a direct challenge to the propriety of a distribution to a particular Hoopa. Another might be an argument that a particular plaintiff having a certain relationship to the reservation or the Yurok Tribe should be held to be entitled, because a Hoopa has been held entitled to receive distributions on the basis of a comparable relationship by him to the reservation or to his tribe.

COURT OF CLAIMS

The trial judge notes that this is an action by individuals for a money judgment. The judgment will presumably be a compilation of decisions that a particular plaintiff who is held to be an Indian of the reservation is entitled to a certain fraction of the total available for distribution.

It is apparently relevant, as evidence on the issue of a plaintiff's entitlement to a share, that a Hoopa receives distributions on the basis similar to one that a plaintiff proposes as justifying his right. A judgment that a particular Hoopa who has in the past received distributions shall henceforth not receive them, however, does not seem to be within the pleadings, or, indeed, within the jurisdiction of the court.

At the conference, there was a discussion of possible circumstances in which the fractional or monetary share of the several successful plaintiffs might be greater than otherwise, if it were made to appear that Hoopas were receiving distributions on a basis rejected by the court as a ground for entitlement of a plaintiff or plaintiffs. Comments by the trial judge on this subject were tentative, and not intended to decide any issues. The question is open for decision on motion or issue appropriately raised by any party. The only issue immediately presented is one of discovery. The trial judge rules that plaintiffs are entitled to voluntary discovery aimed at showing what rules of eligibility are applied in making distributions to Hoopas.

...RT OF CLAIMS

12. A question was raised as to diversity of interest and possible conflicting positions among plaintiffs. This is in the first instance a question for plaintiffs' counsel. No question for decision is now presented.

13. A question was raised by plaintiffs as to distributions to the Hoopas or the Hoopa Tribe, from the funds in question, of moneys which are used to defend the case. No issue on such question is presented for decision.

14. The trial judge inquired as to the status of payments and was advised by counsel for the Government that payments to Hoopas have continued until recently, and now will be suspended, except for payments to the Tribe. The trial judge cautioned, generally and without intending to approve or disapprove any particular course of action, that any overpayments could lead to double or individual liability, once judgment is rendered.

15. Counsel will please report status and progress of questionnaire completion two months from the date of this memorandum and thereafter bimonthly whenever no report of specific action has been made for the two preceding months. Counsel for defendant is asked to take the lead in making such reports, and should use them as a vehicle for reporting on the performance of its duties to all the plaintiffs and to the members of the intervenor Tribe, abovementioned. Counsel for other parties should add any supplementary comment they may have.

DAVID SCHWARTZ

Trial Judge