IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| HOOPA VALLEY TRIBE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 08-72 L |
| | ) | Judge Thomas C. Wheeler |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S RCFC 14(a) MOTION FOR ISSUANCE OF SUMMONS TO THIRD PARTY**

On July 22, 2008, the United States filed a motion pursuant to Rule 14(a) of the Court of Federal Claims ("RCFC 14(a)") requesting that the Court issue a summons to the Yurok Tribe. On August 8, 2008, Plaintiff Hoopa Valley Tribe and individual Plaintiffs (collectively, the "Hoopa Plaintiffs") filed a response arguing that the United States' motion is premature. The Hoopa Plaintiffs contended that the United States' motion should be denied without prejudice. The Hoopa Plaintiffs' response, however, is based on several flawed premises. Joining the Yurok at this time serves the purposes of RCFC 14(a) and Section 114(b), conserves judicial economy, and allows the Yurok to assert its interests in every stage of this matter. Accordingly, it is appropriate for the Court to grant the United States' motion and issue a summons to the Yurok Tribe.

In its motion, the United States explained that joining the Yurok would serve the purposes of RCFC 14(a) and Section 114(b). The Hoopa Plaintiffs challenge the United States Department of the Interior Special Trustee for American Indians' ("Special Trustee") decision to disburse the remaining balance of the Hoopa-Yurok Settlement Fund to the Yurok Tribe. If the

Hoopa Plaintiffs prevail in their challenge, the United States would seek to recover the funds disbursed to the Yurok. Thus, joining the Yurok in the instant case would allow the United States to recover such funds. *See Southern California Edison Co. v. United States*, 226 F.3d 1349, 1355 (Fed. Cir. 2000); *Bowser v. United States*, 420 F.3d 1057, 1062-63 (Ct. Cl. 1970). The United States further explained "the transaction or matter that constitutes the subject matter of this suit" would be the same in a case by the United States against the Yurok as in the instant case. *See* RCFC 14(a). In addition, the United States contended that joinder would allow the Yurok an opportunity to assert its interests in this matter. *Bowser*, 420 F.2d at 1060.

The Hoopa Plaintiff's response misapprehends the nature of contingent claims. For example, the Hoopa Plaintiffs state that while the "United States might acquire contingent claims against the Yurok Tribe, such future contingencies have not yet matured." Pls.' Resp., 2. The United States, however, is not required to wait until liability is established to seek to join the Yurok Tribe. *See, e.g.*, *Maryland Casualty v. United States*, 141 F. Supp. 900, 905 (Ct. Cl. 1956) (in a case where the United States sought to join a third party before liability was established, the court found that Section 114(b) gives the government the right to protect itself against double liability by having the rights of all parties adjudicated in one suit); *Southern California Edison Co.*, 226 F.3d at 1355-56 (in a case where the United States sought to join multiple third parties before liability was established, the Federal Circuit found that the lower court properly exercised jurisdiction over such parties). Accordingly, the Hoopa Plaintiffs' suggestion that "there is no need for the Court to entertain the United States' motion at this time" should be disregarded. Pls.' Resp., 2.

Furthermore, if the Hoopa Plaintiffs' suggested approach was adopted, it could result in a

waste of judicial resources. *See id.* (suggesting that the United States could refile its motion or the Court could reconsider the motion after a decision has been made regarding the breach of trust claims). As noted in the United States' motion, RCFC 14 acts "to promote judicial economy by avoiding repetitive litigation of the same issues . . . ." *Wolfchild v. United States*, 68 Fed. Cl. 779, 800 (Fed. Cl. 2005) (citation omitted). Joinder of the Yurok now will serve judicial economy by resolving common issues of law and fact in one proceeding. Conversely, requiring the same issues of law and fact to be retried at a later point in a case by the United States against the Yurok would be unnecessarily burdensome.

The Hoopa Plaintiffs' response also ignores the benefits of having all parties involved from the beginning of the litigation. Joining the Yurok at this time will allow the Tribe to represent its interests in <u>all</u> stages of this litigation. *Bowser*, 420 F.2d at 1060 (third parties "may assist the United States in the defense of the case, or it may offer additional evidence on its own behalf and advance such legal contentions as it deems appropriate in the protection of its interest").

The Hoopa Plaintiffs' response also questions the merits of the United States' contingent claim against the Yurok Tribe. Pls.' Resp., 3. The Hoopa Plaintiffs' comments are off-base. Section 114(b) gives the government the right to protect itself against double liability by having the rights of all parties adjudicated in one suit. *Id*. at 905. Indeed, courts have repeatedly upheld this finding. *See Southern California Edison*, 226 F.3d at 1355; *Christy Corp. v. United States*, 387 F.2d 395, 397 (Cl. Ct. 1967); *Bowser*, 420 F.3d at 1062; *Wolfchild*, 68 Fed. Cl. at 800. In any event, the Hoopa Plaintiffs' comments certainly present no reason to delay the issuance of a summons to the Yurok.

As explained above, the Hoopa Plaintiffs' suggestion that the United States' RCFC 14 motion is premature misses the mark. For the reasons set out herein and in the United States' motion, the United States respectfully requests that this Court grant its request to issue a summons to the Yurok Tribe.

Respectfully submitted on August 22, 2008,

RONALD J. TENPAS
Assistant Attorney General

/s/ Sara E. Costello
Sara E. Costello, Trial Attorney
Devon Lehman McCune, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0466 (tel.)
(202) 305-0267 (fax)
sara.costello@usdoj.gov

Of counsel:

Scott Bergstrom
Department of the Interior
Office of the Solicitor

## CERTIFICATE OF SERVICE

I hereby certify that on August 22, 2008, I filed the foregoing **DEFENDANT'S REPLY IN SUPPORT OF DEFENDANT'S RCFC 14(a) MOTION FOR ISSUANCE OF SUMMONS TO THIRD PARTY** with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties in this matter.

DATED this 22nd day of August, 2008.

/s/ Sara E. Costello _
Sara E. Costello, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0466 (tel.)
(202) 305-0267 (fax)
sara.costello@usdoj.gov