IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOOPA VALLEY TRIBE, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>Defendant<br>and<br>Third Party Plaintiff,<br><br>v.<br><br>YUROK TRIBE,<br><br>Third Party Defendant. | Case No. 08-72 L<br>Judge Thomas C. Wheeler |

**THE UNITED STATES' THIRD PARTY COMPLAINT**

The United States of America, Defendant and Third-Party Plaintiff, through its counsel, hereby alleges as follows:

1. This contingent claim is for the recovery of money paid by the United States to the Yurok Tribe in respect of the transaction or matter which constitutes the subject matter of the pending suit against the United States. This Court possesses subject matter jurisdiction over this Third Party Complaint pursuant to 41 U.S.C. § 114(b). This claim is asserted pursuant to RCFC 14(a).

2. In order to resolve longstanding issues regarding the ownership and management of the Joint Hoopa Valley Reservation, Congress passed the 1988 Hoopa-Yurok Settlement Act, Pub. L. 100-580, *codified in part at* 25 U.S.C. §§ 1300i *et seq*.

3. The 1988 Act had three primary objectives:

(1) provide for the formal organization of the Yurok as a tribe;
(2) partition the Joint Reservation between the Hoopa and the Yurok; and,
(3) distribute equitably between the Tribes the funds then held in trust by the United States that had been derived from the Joint Reservation's resources.

*See* 25 U.S.C. §§ 1300i-1, 1300i-3.

4. To effectuate the equitable distribution of trust funds, the 1988 Act established the Hoopa-Yurok Settlement Fund, which served as a communal escrow account for later equitable distribution between the Hoopa and Yurok based on the provisions of the 1988 Act.

5. The final distribution of Plaintiffs Hoopa Valley Tribe *et al.* ("Hoopa Plaintiffs") apportioned share of the Settlement Fund occurred in 1991.

6. On March 1, 2007, Ross O. Swimmer, Special Trustee for American Indians, wrote a letter to the chairpeople of the Hoopa and Yurok Tribes informing them of the Department of the Interior's conclusion that it could distribute the funds apportioned for the Yurok Tribe administratively, consistent with the provisions of the 1988 Act, if the Yurok Tribe were to submit a new waiver of claims.

7. On March 21, 2007, the Special Trustee accepted a resolution from the Yurok Tribal Council as a waiver of claims that meets the requirements of the 1988 Act, and stated that the Department intends to distribute to the Yurok the funds the Department held pursuant to the Act, including the remaining balance of the Settlement Fund.

8. On April 20, 2007, the Special Trustee advised the custodian of the account holding the remaining balance of the Hoopa-Yurok Settlement Fund that its ownership had been transferred solely to the Yurok Tribe.

9. The Hoopa Plaintiffs filed their Complaint against the United States on

February 1, 2008.

10. By their Complaint, the Hoopa Plaintiffs seek damages against the United States for its disbursement of funds held in the Hoopa-Yurok Settlement Fund to the Yurok Tribe.

11. In conjunction with the United States' motion pursuant to RCFC 14(a) and 41 U.S.C. § 114(b), this Court has ordered that a copy of a summons and this complaint issue for the Yurok Tribe.

FIRST CAUSE OF ACTION

12. Paragraphs 1-11 are incorporated by reference.

13. The United States alleges that the balance of the Hoopa-Yurok Settlement Fund was properly distributed to the Yurok Tribe pursuant to the 1988 Act.

14. If this Court determines that the United States disbursed the settlement funds to the Yurok Tribe under a mistake of fact or law, the Government seeks judgment against the Yurok to recover the money erroneously paid to it.

WHEREFORE, Defendant and Third-Party Plaintiff, the United States, respectfully requests judgment against the Third Party Defendant, Yurok Tribe, for all sums that have been erroneously paid to the Yurok Tribe as may be adjudged against the United States in favor of the Hoopa Plaintiffs and such other relief as this Court deems fair and equitable.

Submitted this 26th day of August, 2008.

RONALD J. TENPAS
Assistant Attorney General

/s/ Sara E. Costello

Sara E. Costello, Trial Attorney
Devon Lehman McCune, Trial Attorney
United States Department of Justice
Environment & Natural Resources Division
Natural Resources Section
P.O. Box 663
Washington, D.C. 20044-0663
(202) 305-0466 (tel.)
(202) 305-0267 (fax)
sara.costello@usdoj.gov

OF COUNSEL:

SCOTT BERGSTROM
Department of the Interior
Office of the Solicitor

**CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2008, the foregoing document was electronically sent via the CM/ECF system of the Court of Federal Claims to the following party[1]:

Thomas P. Schlosser
Email: tschlosser@msaj.com

s/ Sara E. Costello
Sara E. Costello, Trial Attorney

---

[1] Upon receipt of the summons from the Clerk, the United States will serve the summons accompanied by this pleading as set forth in the Court's Order of August 25, 2008.