**Electronically Filed September 10, 2008**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOOPA VALLEY TRIBE, on its own behalf, and in its capacity as *parens patriae* on behalf of its members; Elton Baldy; Oscar Billings; Benjamin Branham, Jr.; Lila Carpenter; William F. Carpenter, Jr.; Margaret Mattz Dickson; Freedom Jackson; William J. Jarnaghan, Sr.; Joseph LeMieux; Clifford Lyle Marshall; Leonard Masten, Jr.; Danielle Vigil-Masten<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 08-72-TCW<br><br>Judge Thomas C. Wheeler<br><br>**DECLARATION OF CLIFFORD LYLE MARSHALL IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I, Clifford Lyle Marshall, depose and state as follows:

1. I am a member of the Hoopa Valley Tribe and one of the individual plaintiffs in this proceeding. I have served as a member of the Hoopa Valley Tribal Council for many years. In addition, I have been elected the Hoopa Valley Tribe's Chairman since 2001. I have personal knowledge of the matters stated here and can testify to them.

2. Following the Senate Committee on Indian Affairs' 2002 hearing concerning the Interior Department's report made pursuant to Section 14(c) of the Hoopa-Yurok Settlement Act, there have been many attempts to resolve distribution of the Hoopa-Yurok Settlement Fund through mediation or legislation.

3. In 2002-03, the Hoopa Valley Tribe and the Yurok Tribe participated in mediation on matters concerning the Hoopa-Yurok Settlement Act. The Tribes reached a mediation agreement in December 2003. On September 30, 2004, S. 2878, the Hoopa-Yurok Settlement Amendment Act of 2004, was introduced by Senator Campbell to carry out the Tribes' mediation agreement. No hearings were held on the bill before the end of the 108th Congress.

4. In 2005, we conducted further discussions concerning introduction of a new bill in the Congress. Our counsel met with the Yurok Tribe's new law firm, Hogan & Hartson, to develop a joint position on proposed legislative options. We also met repeatedly with representatives of the Interior Department, including Mr. James Cason, concerning options for legislation, either along the lines of S. 2878 or simpler bills which would merely create a process for division of the Hoopa-Yurok Settlement Fund remainder. However, in 2005-06, we found the Interior Department unwilling to express support for any legislative proposal.

5. In February 2006, we learned from our Congressman that the Department of the Interior was conducting another analysis of the Hoopa-Yurok Settlement Fund issue. We confirmed this during a meeting with Associate Deputy Secretary James Cason. In July 2006, Mr. Cason sent me a letter explaining that the Department was considering whether the Interior Department has the authority to release the Fund administratively, notwithstanding that the Department told Congress Interior could not do so a mere four years earlier.

6. On January 26, 2007, Tribal Council Member Jackson and I had scheduled a meeting with Mr. Cason. Our attorney received a call that morning from Mr. Cason's assistant stating that Mr. Cason needed to recuse himself from the Hoopa-Yurok Settlement Fund matter, but that the meeting could be held without him. At the meeting, I was told that the recusal was because the law firm personally representing Mr. Cason, Hogan & Hartson, also had an interest in the Hoopa Yurok Settlement Fund issue. The Interior Department representatives explained that Special Trustee Ross O. Swimmer was to be the point person on the Interior Department's policy decision. Mr. Swimmer was the person who, on behalf of the Interior Department, testified in opposition to the Hoopa-Yurok Settlement Act in 1988 and threatened an Administration veto of the bill.

7. Following the meeting, I learned that Mr. Cason has been represented by Hogan & Hartson in litigation for some time, including in *Cobell v. Norton*, No. 1:96cv1285 (D. D.C.). I am appalled that the conflict of interest concerning Hogan & Hartson's representation of both the Yurok Tribe and Mr. Cason was not addressed for more than one year and that Mr. Cason continued to be involved in the matter until one month before Mr. Swimmer's decision letter was issued.

8. I believe that the March 1, 2007 letter from Ross Swimmer, Special Trustee for American Indians was not the result of "careful consideration" nor a "better reading of the Act," as he asserted.

9. Exhibit 45 is a true and correct copy of a memorandum from Hogan & Hartson to Sue Ellen Wooldridge dated October 21, 2005. We received this document from the Interior Department pursuant to a Freedom of Information Act request in 2008. Also, Exhibit 46 is a letter of Ms. Faye Iudicello to me dated April 3, 2007 regarding Mr. Cason's recusal from reconsideration of the Hoopa Valley Tribe's administrative appeal concerning Mr. Swimmer's decision.

I testify under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 10th day of September, 2008, in Hoopa, California.

[signature]
Clifford Lyle Marshall

**CERTIFICATE OF SERVICE**

I hereby certify that on September 10, 2008, a copy of, DECLARATION OF CLIFFORD LYLE MARSHALL IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT, was electronically sent via the CM/ECF system by the United States Court of Federal Claims on the following party:

Devon Lehman McCune
Email: devon.mccune@usdoj.gov

Sara E. Costello
Email: Sara.costello@usdoj.gov

*s/ Thomas P. Schlosser*____________________
Thomas P. Schlosser, Attorney of Record
MORISSET, SCHLOSSER, JOZWIAK & McGAW
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322
t.schlosser@msaj.com

T:\WPDOCS\0020\09561\Pleadings\MarsDecl_Compl082908_05.doc
nmc:9/10/08