**Electronically Filed September 10, 2008**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| HOOPA VALLEY TRIBE, on its own behalf, and in its capacity as *parens patriae* on behalf of its members; Elton Baldy; Oscar Billings; Benjamin Branham, Jr.; Lila Carpenter; William F. Carpenter, Jr.; Margaret Mattz Dickson; Freedom Jackson; William J. Jarnaghan, Sr.; Joseph LeMieux; Clifford Lyle Marshall; Leonard Masten, Jr.; Danielle Vigil-Masten<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 08-72-TCW<br><br>Judge Thomas C. Wheeler<br><br>**DECLARATION OF OLLIE MAE DAVIS REGARDING HOOPA MEMBERSHIP OPTION UNDER PUB. L. 100-580** |

I, Ollie Mae Davis, declare and state as follows:

1. I am an enrollment and research specialist for the Hoopa Valley Tribe. I am also an enrolled member of the Hoopa Valley Tribe.

2. Beginning in the mid-1970s, I provided litigation support services to counsel for the Hoopa Valley Tribe in the matter of *Jessie Short, et al. v. United States* and related cases and legislation. In the *Short* case, over 3,000 individual plaintiffs completed detailed declaration questionnaires concerning their life history and ancestry. I reviewed these questionnaires and conducted research and writing concerning plaintiffs' family history. I maintained the Hoopa Valley Tribe's records concerning individual plaintiffs and the litigation activity in *Short v. United States* and the related cases.

3. In 1987, I worked as an expert witness on behalf of the Hoopa Valley Tribe relating to the trial conducted by Judge Lawrence Margolis concerning development of standards for inclusion as an Indian of the Reservation under the Manifest Injustice Exception to the Court's A-E standards.

4. After Congress passed the Hoopa-Yurok Settlement, Pub. L. 100-580, I worked on family history and genealogy issues involved in preparation of the Hoopa Yurok Settlement Roll. Over 8,000 applications for inclusion in that Roll were received by the Bureau of Indian Affairs and each had to be analyzed.

5. In 1990, Congress amended the Hoopa-Yurok Settlement Act to provide express authority for the Hoopa Valley Business Council to review applications, make recommendations which the Secretary had to accept unless conflicting or erroneous, and to appeal erroneous decisions of the Secretary. *See* Pub. L. 101-301. As a result of this work, I became very familiar with eligibility criteria for the Hoopa-Yurok Settlement Roll.

6. Section 5 of the Hoopa-Yurok Settlement Act provides in part:

> The Secretary shall prepare a roll of all persons who can meet the criteria for eligibility as an Indian of the Reservation and --
>
> (A) who were born on or prior to, and living upon, the date of enactment of this Act;
>
> (B) who are citizens of the United States; and
>
> (C) who were not, on August 8, 1988, enrolled members of the Hoopa Valley Tribe.

Because of Subsection (C), quoted above, members of the Hoopa Valley Tribe enrolled as of 1988 were not eligible for inclusion on the Hoopa Yurok Settlement Roll although they met the Settlement Act's criteria for eligibility as Indians of the Reservation.

7. I have reviewed the Hoopa Valley Tribe's enrollment records for each of the individual plaintiffs in this suit and have verified that they are enrolled members of the Hoopa Valley Tribe. I also have determined that each of them were enrolled members of the Hoopa Valley Tribe on and prior to August 8, 1988, as follows:

| HOOPA PLAINTIFF NAME | YEAR OF ENROLLMENT |
|---|---|
| Elton Baldy | 1954 |
| Oscar Billings | 1960 |
| Benjamin Branham, Jr. | 1969 |
| Lila Carpenter | 1980 |
| William F. Carpenter, Jr. | 1950 |
| Margaret Mattz Dickson | 1950 |
| Freedom Jackson | 1982 |
| William J. Jarnaghan, Sr. | 1950 |
| Joseph LeMieux | 1950 |
| Clifford Lyle Marshall | 1958 |
| Leonard Masten, Jr. | 1955 |
| Danielle Vigil-Masten | 1975 |

8. Because the individual Hoopa Plaintiffs in this suit were enrolled members of the Hoopa Valley Tribe on August 8, 1988, none of them was placed on the Hoopa-Yurok Settlement Roll and none of them had the right to elect a settlement option under Section 6 of Pub. L. 100-580. The Hoopa Plaintiffs in this case are enrolled members of the Hoopa Valley Tribe because of enrollment decisions made by the Tribe and not because they selected the Hoopa tribal membership option under 25 U.S.C. § 1300i-5(b).

9. In the course of preparing the Hoopa-Yurok Settlement Roll and analyzing the election of settlement options by persons who qualified for inclusion on the Hoopa-Yurok Settlement Roll, I determined that only four persons attempted to elect the Hoopa tribal membership option under 25 U.S.C. § 1300i-5(b):

| SETTLEMENT APPLICANT NAME | CONTROL NUMBER |
|---|---|
| Laura Lee George | 3740 |
| Zane Eldon Grant, Jr. | 3737 |
| Jack Norton, Jr. | 3775 |
| Bessie Latham | 9728 |

10. On April 16, 1992, the Bureau of Indian Affairs, Northern California Agency, determined that the individuals listed above met the criteria for membership on the Hoopa Valley Tribe pursuant to Section 6(b)(3) of Pub. L. 100-580. The Hoopa Valley Tribe filed an appeal

and statement of reasons for appeal regarding that determination. On September 17, 1992, the Bureau of Indian Affairs, Sacramento Area Office determined: "After review of the above-named individuals' files, we find that they do not qualify for Option 1 as determined by the Acting Superintendent, Northern California Agency." The Sacramento Area Director went on to state that the applicants would "be advised of their right to appeal" but should they choose not to appeal, they would be given an opportunity "to select another [settlement] option." *See* Exhibit 47.

11. In October 1992, the Sacramento Area Director forwarded to the Deputy Commissioner-Indian Affairs, Attention: Director, Tribal Government Services, the appeals of Laura Lee George and Janice Yerton (on behalf of Bessie Latham) from two of the decisions of the Sacramento Area Director issued September 17, 1992. On November 23, 1992, the Hoopa Valley Tribe submitted to the Deputy Commissioner-- Indian Affairs the Tribe's recommendations and response to appeal documents. To the best of my knowledge, the Deputy Commissioner--Indian Affairs has not acted on the two appellants' appeals. However, I am aware that Bessie Latham has passed away. As a result, she could not be included on the membership roll of the Hoopa Valley Tribe members even if her appeal were to be successful.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated this 28th of August, 2008, in Hoopa, California.

Ollie Mae Davis

Ollie Mae Davis

# CERTIFICATE OF SERVICE

I hereby certify that on September 10, 2008, a copy of, Declaration of Ollie Mae Davis Regarding Hoopa Membership Option Under Pub. L. 100-580, was electronically sent via the CM/ECF system by the United States Court of Federal Claims on the following party:

Devon Lehman McCune
Email: devon.mccune@usdoj.gov

Sara Costello
Email: sara.costello@usdoj.gov

s/ Thomas P. Schlosser____________________

Thomas P. Schlosser, Attorney of Record
MORISSET, SCHLOSSER, JOZWIAK & McGAW
801 Second Avenue, Suite 1115
Seattle, WA 98104-1509
Tel: (206) 386-5200
Fax: (206) 386-7322
t.schlosser@msaj.com

T:\WPDOCS\0020\09561\Pleadings\OMDavisSDecl081508_02.doc
nmc:8/28/08